UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY CROSS,

Plaintiff,

v.

RON JAEGER, et al.,

Defendant.

Case No. 3:13-cv-00433-MMD-WGC

ORDER

This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the

elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 . . . (brackets omitted).
>
> . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff Anthony Cross seeks damages from, in their individual capacity only, Sergeant Ron Jaeger and Associate Warden of Programs/Grievance Coordinator Cheryl Burson at Southern Desert Correctional Center.

Plaintiff seeks to raise federal civil rights and pendent Nevada state law claims based on the following alleged events.[1]

On September 30, 2011, defendant Jaeger conducted a disciplinary hearing during which Jaeger and Cross became involved in a heated discussion. At the conclusion of the hearing, Jaeger allegedly did not give Cross a form that was required

---

[1]The Court assumes the truth of all nonconclusory allegations of fact for purposes of this review only. No statement made by the Court in summarizing the allegations of the complaint constitutes a factual finding by the Court that the allegation in fact is true.

2

to be submitted with a disciplinary appeal. Plaintiff alleges that he filed an emergency grievance about the incident that day. However, Jaeger allegedly intercepted and "maliciously" denied the grievance.

On October 6 and October 12, 2011, defendant Burson refused to accept plaintiff's disciplinary appeal via first level grievance for failure to attach the required form and further on an allegedly erroneous basis that plaintiff had used notebook paper rather than another required form.

On October 24 and October 27, 2011, Burson refused to accept plaintiff's disciplinary appeal via second level grievance allegedly on the same grounds.

Plaintiff asserts five (5) counts based upon these alleged occurrences, along with a companion count with each count seeking to assert parallel pendent state law claims. In the counts, plaintiff alleges that defendants Jaeger and/or Burson retaliated against him for exercising his right to free speech, to petition for redress of grievances, and to access the courts in violation of the First Amendment, the Fourteenth Amendment, and a number of provisions of the Nevada state constitution, Nevada state statutes, correctional department administrative regulations, and a department manual.

In Counts I and I-A, plaintiff alleges that defendant Jaeger violated the foregoing provisions on September 30, 2011, when he did not give Cross the form required with a disciplinary appeal and thereafter intercepted and denied his emergency grievance.

In Counts II and II-A, plaintiff alleges that defendant Burson violated the foregoing provisions on October 6 and October 12, 2011, when she refused to accept his disciplinary appeal via first level grievance.

In Counts III and III-A, plaintiff alleges that defendant Burson violated the foregoing provisions on October 24 and October 27, 2011, when she refused to accept his disciplinary appeal via second level grievance.

In Counts IV and IV-A, plaintiff alleges that defendant Burson violated the foregoing provisions on October 6, 12, 24 and 27, 2011, when she refused to correct Jaeger's actions and her own alleged mistakes.

In Counts V and V-A, plaintiff alleges that defendant Jaeger violated the foregoing provisions on September 30, 2011, when he intercepted plaintiff's grievance and failed to forward a copy of the grievance to the grievance coordinator for entry into the grievance tracking program.

Counts I, I-A, V and V-A state claims upon which relief may be granted under the First Amendment and Article 1, Section 9 of the Nevada Constitution[2] against defendant Jaeger based upon his alleged interference on September 30, 2011, with plaintiff's ability to pursue his disciplinary appeal and emergency grievance.

The nonconclusory allegations of actual fact in the remaining counts do not state a claim upon which relief may be granted under the First Amendment or the state constitution against defendant Burson based upon her refusal to accept the first and second level appeals or otherwise on October 6, 12, 24 and 27, 2011. A mere failure to rule in an inmate's favor on a disciplinary appeal and/or grievance and to agree with his position therein does not constitute retaliation against the plaintiff for exercise of his First Amendment rights. Otherwise, every rejection of a disciplinary appeal and/or grievance would constitute First Amendment retaliation. Under well-established law, an inmate does not have a constitutional right to have his grievances either decided or processed in a particular manner. *See, e.g., Seely v. Gibbons*, 2013 WL 6440206 (9th Cir. Dec. 10, 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). While the allegations of Counts I and V tend to reflect affirmative interference by defendant Jaeger with plaintiff's ability to pursue a disciplinary appeal and grievance, the allegations of the remaining counts reflect only that defendant Burson did not accept plaintiff's assertions as to what Jaeger had done in this regard.

Nor do any of the counts state a claim upon which relief may be granted under the Fourteenth Amendment separate and apart from the First Amendment. In order to

---

[2]*See, e.g., University and Community College System of Nevada v. Nevadans*, 120 Nev. 712, 722, 100 P.3d 179, 187 (2004) (federal and state constitutional protections for expression, including petitioning for redress of grievances, are identical).

4

pursue a claim for a denial of procedural due process vis-à-vis a disciplinary proceeding, the plaintiff must establish that he was deprived of a protected liberty interest as a result of the proceeding. To establish that he was deprived of a protected liberty interest, he must establish that the disciplinary sanctions imposed either invariably affected the duration of his confinement or constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The complaint contains no actual factual allegations tending to establish that the disciplinary sanction imposed either lengthened plaintiff's confinement or constituted an atypical and significant hardship such as would give rise to a protected liberty interest in the proceedings.

The complaint further otherwise does not state a claim for relief under Nevada state law on the pendent state law claims, other than the Nevada constitutional claim referenced above. The state statutes relied upon do not purport on their face to establish a private right of action, and it does not appear that either state corrections department regulations or manuals create a private right of action.

The Court will dismiss the deficient claims without prejudice for failure to state a claim upon which relief may be granted, subject to an opportunity to amend to correct the deficiencies identified herein, to the extent possible.

It is therefore ordered that, subject to leave to amend as further specified below, the following claims are dismissed without prejudice for failure to state a claim upon which relief may be granted: (a) all claims against defendant Cheryl Burson; and (b) all claims against defendant Ron Jaeger except for the claims in Counts I, I-A, V and V-A under the First Amendment and Article I, Section 9, of the Nevada Constitution.

It further is ordered that plaintiff shall have thirty (30) days from entry of this order to file an amended complaint correcting the deficiencies identified in this order, to the extent possible. If an amended complaint is not timely filed or if the amended pleading does not correct the deficiencies identified in this order, the action will proceed forward only on the viable claims then presented, including the claims described in the

5

preceding paragraph that remain before the Court, unless omitted from any amended complaint filed.

It is further ordered that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 3:13-cv-00433-MMD-WGC, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

DATED THIS 16th day of December 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE