# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\* \* \*

ANTHONY CROSS,

    Plaintiff,

v.

RON JAEGER, et al.,

    Defendant.

Case No. 3:13-cv-00433-MMD-WGC

ORDER

This prisoner civil rights action comes before the Court on plaintiff's motion to clarify screening order (dkt. no. 10) and following upon his filing of an interlocutory notice of appeal (dkt. no. 11).

The motion for clarification will be denied as unnecessary. The Court's most recent screening order clearly did not dismiss all claims against defendant Burson. The order stated in pertinent part:

> It is therefore ordered that the Clerk of Court shall file the [amended] complaint and that all claims are dismissed without prejudice for failure to state a claim upon which relief may be granted except for the claims under the First Amendment and Article 1, Section 9, of the Nevada Constitution against the *defendants* for alleged retaliation and/or interference with plaintiff's ability to pursue a disciplinary appeal and grievance.

Dkt. no. 6, at 3 (emphasis added); *see also id.*, at 1-2 (discussing the claims against Burson in particular). A reference to defendants in the plural in a two-defendant case necessarily refers to both defendants, in this instance as to the claims *remaining* before the Court.

With regard to the interlocutory appeal, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that the appeal is not taken in good faith.

With deference to the final authority of the Court of Appeals in matters relating to its own jurisdiction, it does not appear that there is jurisdiction over the appeal because there has not been entry of a final judgment. The Court's April 30, 2014, order (dkt. no. 6) did not direct entry of final judgment. Nor did the order dismiss all claims. The order instead dismissed certain claims without prejudice after a prior allowance of an opportunity to amend. Under Rule 54(b) of the Federal Rules of Civil Procedure, an order that does not dismiss all claims against all parties constitutes a final judgment only if the district court directs entry of a final partial judgment upon an express determination that there is no just reason for delay. The Court made no such express determination and, again, did not direct entry of final judgment. The invocation of appellate jurisdiction accordingly would appear to be frivolous, such that an appeal would be dismissed in the case of a non-indigent litigant.

Moreover, plaintiff appeals based upon a wholly mistaken assumption that defendant Burson has been dismissed from the case. She has not.

It is therefore ordered that plaintiff's motion for clarification (dkt. no. 10) is denied as unnecessary.

It is further ordered, pursuant to 28 U.S.C. § 1915(a)(3), that the Court certifies to the Court of Appeals that the appeal is not taken in good faith.

It is further ordered, so that the certification herein shall be clearly marked on the docket for review by the Court of Appeals, that the Clerk of this Court shall docket this order on the docket sheet as an order that also certifies to the Court of Appeals that the appeal is not taken in good faith and shall forward same to the Ninth Circuit in a manner consistent with the Clerk's current practice, in connection with No. 14-16013 in the Court of Appeals.

DATED THIS 23rd day of May 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE