UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: Doc. # 29** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's motion to Unseal Defendant Cheryl Burson's Last Known Address (Doc. # 29, corrected in Doc. # 31).[1] Plaintiff states that because Defendant Burson's last known address is a post office box, the U.S. Marshal was unable to serve her. Plaintiff wants to attempt to effect service by mailing the summons and complaint to the Defendant to attempt to ascertain whether the defendant would accept service by mail, as is authorized by Fed. R. Civ. P. 4(d).

Defendant in response argued Burson, a former employee of the Nevada Department of Corrections (NDOC), could be harassed if an NDOC inmate had access to the employee's address. Addresses of present and former NDOC employees are considered confidential information which an inmate is not allowed to possess. Defendants also contended disclosure "poses a safety and security concern" and stated "Plaintiff has other methods available to him to obtain service other than a waiver." Defendants do not identify any "other methods," however.

Subsequent to the filing of the Defendants' response, the court directed Defendants to comment on whether the last known mailing and physical addresses of Defendant Burson have already been placed in the public domain by reason of certain filings the Office of the Attorney General made in another case,

---

[1] Refers to court's docket number.

1  3:12-cv-00322-MMD-WGC (Doc. # 33).  Defendants thereafter filed their Supplemental Opposition to
2  Plaintiff's Motion, (Doc. # 35).  Defendants argued the filings in the case to which the court referred
3  were necessitated by the unique situation which arose as to the Attorney General's representation of
4  Ms. Burson and should not be considered precedent for disclosure in this matter.
5        Plaintiff replied (Doc. # 37).  Plaintiff argued that because Burson's address has been published,
6  any security concerns regarding her address have dissipated.
7        The Court generally accedes to the policies of the Nevada Department of Corrections and the
8  Office of the Nevada Attorney General that addresses of current and past employees of NDOC present
9  possible security or harassment concerns for the employee.  However, the filings in the 3:12-cv-00322
10 case suggest that Ms. Burson no longer resides in the United States and that the post office box address
11 filed under seal is utilized as a forwarding address.  Thus, the harassment and/or security concerns are
12 alleviated, particularly where the information has already been placed in the public domain.
13       As noted above, Defendants state that "Plaintiff has other methods available to him to obtain
14 service other than a waiver." Defendants in their Supplement Response again do not suggest any
15 alternative methods of service available to Plaintiff.  While it is doubtful from the information which
16 is available from case 3:12-cv-00322 that Ms. Burson will accept service of process by mail, the court
17 believes Plaintiff is at least entitled to make that attempt.  Nevertheless, the court will not unseal
18 Defendant Burson's mailing address in this case and in that respect, Plaintiff's motion (Doc. # 29) is
19 denied in part.  However, the court will craft an alternative procedure Plaintiff may employ to be able
20 to attempt to effect service by mail, and in that respect, Plaintiff's motion is granted in part, as follows:
21       Plaintiff shall comply with the terms and provision of Fed. R. Civ. P. 4(d), including completion
22 of the "Notice" form (Form 5) in Rule 4(d)(1)(D), a copy of which accompanies this order.[2]  In addition
23 to the other materials required by Rule 4, Plaintiff shall include a proposed Waiver of Service form
24 (Form 6) to be completed by Defendant Burson should she consent to service under Rule 4. Plaintiff
25 shall then deliver a suitable envelope with sufficient U.S. Postage to the Warden's Office, Ely State
26 Prison, along with a copy of this Order. The Warden's Office shall thereupon place Defendant Burson's

---

28    [2] The certification of service by mail upon Defendant Burson shall be signed and dated by Plaintiff and shall be deemed effective as of the date Plaintiff delivers it to the Warden's Office for mailing.

1  last known address on the envelope and promptly place the envelope in the U.S. Mail.

2  Plaintiff's motion (Doc. # 29) is **GRANTED IN PART** and **DENIED IN PART,** consistent with
3  this Order.
4  IT IS SO ORDERED.
5  DATED:   November 25, 2014.

6  _____
   WILLIAM G. COBB
7  UNITED STATES MAGISTRATE JUDGE

**FORM 5**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)    Civil Action No.<br>)<br>) |

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**

To: _____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within ____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**FORM 6**

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

_____
*Plaintiff*
v.                                      ) Civil Action No.
_____
*Defendant*

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.