UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: Doc. # 45** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Statement of Proposed Amendments to Scheduling Order. (Doc. # 45.)[1] The court interprets this "statement" as a motion, as has Defendant in his Opposition to Plaintiff's "statement." (Doc. # 56.)

As initial grounds to extend the discovery deadline, Plaintiff states that Defendant "has exceeded the statutory allotted (30) days to answer" his discovery. The Defendant represents he has responded to Plaintiff's Discovery. (Doc. # 56 at 2.) The court notes Defendants' discovery responses, however, are the subjects of two motions to compel filed by Plaintiff. (Docs. # 49, # 51.)

Defendant also argues Plaintiff's rationale for extending the discovery deadline "relies solely on hypothetical situations," i.e., that "the Defendant may point fingers at supervisors to evade liability and that discovery may uncover more defendants." (Doc. # 56 at 1-2.) As noted above, Defendant submits he already responded to Plaintiff's discovery (*id.* at 2), which discovery was received before Plaintiff filed his "statement."  Therefore, if Defendant Jaeger was going to "point fingers," Plaintiff should presumably have been apprised of that defense tactic but Plaintiff makes no reference to any such assertion. As such, the possibility of shifting responsibility for the alleged civil rights violation would

---

[1] Refers to court's docket number.

not constitute legitimate grounds for extending discovery.

Plaintiff also contends that problems in serving Defendant Burson require the extension. (Doc. # 45 at 4.) It is difficult to discern whether Plaintiff has availed himself of a possible method for serving Ms. Burson as proposed in this court's Order regarding disclosure of Ms. Burson's last known address. (Doc. # 47.) Instead, Plaintiff has filed an objection to the court's order wherein the court has suggested he deliver his service of process by mail documents to the Warden for mailing (whom he suspects will discard his proposed mailing). (Doc. # 55.) Because of the question of when, if ever, Defendant Burson will be served, extending the discovery deadline pending service on Burson would delay the case inordinately and would not be grounds for such an extension.[2]

While the court is not inclined at this time to extend the discovery deadline, resolution of Plaintiff's "statement" (Doc. # 56) is **DEFERRED**. Plaintiff shall comply with Local Rule 26-4 regarding extensions of discovery and **within ten (10) days** of the date of this order shall file a supplemental statement providing the following information to the court:

(a) A statement specifying all discovery completed by the parties as of the date of the motion or stipulation;

(b) A specific description of the discovery which remains to be completed;

(c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline or any subsequent extension approved by the court; and,

(d) A proposed schedule for the completion of all remaining discovery and any related deadlines.[3]

Defendant shall file a response to Plaintiff's supplemental statement within **seven (7) days** after Plaintiff submits his supplemental statement.

Because of the pendency of this and other motions, the current deadline for filing dispositive motions (January 27, 2015) and the joint pre-trial order are **VACATED** pending resolution of the motions before the court.

---

[2] If Defendant Burson is served, the court would consider re-opening discovery as to that defendant.

[3] The court recognizes Plaintiff's "Statement" includes proposed dates for revision of the Scheduling Order (Doc. # 45). Plaintiff shall re-state those dates in his supplemental statement.

While not technically before the court, the court will nonetheless comment on two subjects raised in Plaintiff's statement. First, Plaintiff indicates he is "requesting a synopsis information in the form of grievance history regarding defendant Burson." (Doc. # 45 at 3.) Although this request may have been included in the Request for Production Plaintiff states he served on October 29, 2014 (*id.* at 2), the court fails to discern the relevance of <u>other</u> inmates' grievances filed relative to Ms. Burson. District Judge Miranda M. Du has allowed Plaintiff's claims against Ms. Burson to proceed under very limited circumstances, i.e. that Ms. Burson's actions "were taken maliciously to interfere with his rights." (Doc. # 6 at 2; *see also* Doc. # 4 at 4-5.) Therefore, even though this particular discovery request is not before the court in the form of a discovery dispute, the court will not extend the discovery deadline by reason of irrelevant discovery on this subject.

Second, Plaintiff apparently has requested a transcript of his disciplinary hearing and "a synopsis of relevant disciplinary hearings conducted by defendant Jaeger." (Doc. # 45 at 2.) Again, while this proposed discovery is not before the court as a discovery dispute, the court cannot discern the relevancy of <u>other</u> disciplinary proceedings conducted by Sgt. Jaeger (particularly in "synopsis" form) to <u>this</u> action. As above, this proposed discovery is not considered a legitimate basis to extend the discovery deadline.

**CONCLUSION**

Resolution of Plaintiff's request to extend discovery contained in his "statement" (Doc. # 45) is **DEFERRED**. Plaintiff shall file supplemental statement concerning his request to extend the discovery deadline **within ten (10) days** of the date of this Order. Defendant's response shall be filed within **seven (7) days** after Plaintiff submits his supplemental statement. The deadline for filing dispositive motions and the joint pre-trial order are **VACATED** pending resolution of Plaintiff's current motions before the court.

IT IS SO ORDERED.

DATED: December 8, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE