# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: Doc. # 53** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is "Plaintiff's Motion Requesting an Order to Direct the Release of Institutional Grievance Information." (Doc. # 53.)[1] Defendant has opposed (Doc. # 62) and Plaintiff has replied. (Doc. # 76).

Plaintiff's motion appears to seek to have Defendant produce all grievances filed by inmates Tarz Mitchell, Andrew Meeks and Willie Jackson against Defendants Jaeger and Burson. (Doc. # 53; Burson has not entered an appearance in this matter) Defendant objects to the production on several grounds: (1) grievances with respect to other inmates are "wholly irrelevant to Plaintiff's claims for due process;" that Plaintiff failed to first "meet & confer" to attempt to resolve a discovery dispute and (3) that N.D.O.C. Administrative Regulation 569 prohibits inmates from possessing institution records of other inmates.

Plaintiff in reply argues that under A.R. 740.02(4), grievance files can be produced if the court were to enter an order to that effect. To the extent the court has that power, the court declines to exercise it because the predicate test of relevancy of the documents Plaintiff seeks have not been established.

Federal Rule of Civil Procedure 26 governs the scope of discovery in civil actions, and

---

[1] Refers to court's docket number.

1  provides in pertinent part:

2      Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
3      party's claim or defense-including the existence, description, nature, custody, condition,
    and location of any documents or other tangible things and the identity and location of
4      persons who know of any discoverable matter. For good cause, the court may order
    discovery of any matter relevant to the subject matter involved in the action. Relevant
5      information need not be admissible at the trial if the discovery appears reasonably
    calculated to lead to the discovery of admissible evidence.

6  Fed. R. Civ. P. 26(b)(1).

7      Accordingly, the first limitation on permissible discovery is that it be relevant. See, e.g.,

8  *Dowell v. W.T. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. Aug. 17, 2011) (stating that the court must

9  address whether the requested documents are relevant before engaging in the privilege analysis).

10  Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could

11  lead to other matter that could bear on, any issue that is or may be in the case." *Oppehnheimer Fund,*

12  *Inc. v. Sanders*, 437 U.S. 340, 351 1978 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

13      The Plaintiff has not demonstrated how any grievances the Defendants Jaeger and Burson may

14  have processed as against other inmates would tend to establish any fact with respect to Plaintiff's cause

15  of action.  In other words, Plaintiff has not shown the relevancy of these materials. As noted above,

16  Defendant argued that "grievance information for other inmates is wholly irrelevant to Plaintiff's claims

17  for due process violations." Doc. # 62 at 1.) Plaintiff's reply memorandum does not address this

18  contention other than to state that other inmates have advised him of "alleged errors committed by the

19  defendants that are relevant here." (Doc. # 76 at 10.)  Even if "errors" were committed by the named

20  Defendants with respect to other grievance and/or "disciplinary sanction forms III," such would not tend

21  to establish that either defendant Burson or defendant Jaeger committed such "errors" with respect to

22  Plaintiff's matters which are the subject of his litigation.  The court would then be faced with complex

23  issue of having to address the propriety or mistakes allegedly made in *other* proceedings, a totally

24  irrelevant venture.

25      Plaintiff's motion (Doc. # 53) is therefore **DENIED.**

26  **IT IS SO ORDERED.**

27  DATED:  February 24, 2015.

                                            */s/ William G. Cobb*
                                            WILLIAM G. COBB
28                                             UNITED STATES MAGISTRATE JUDGE