# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | February 24, 2015 |
| RON JAEGER, et al., | ) | |
| Defendants | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's "Motion for Order Directing Defendant to Submit the Disciplinary Hearing /recording OIC # 335778 as an Exhibit on Behalf of Plaintiff." (Doc. # 73.) Defendant Jaeger has responded (Doc. # 83) and Plaintiff has replied (Doc. # 90).

As is reflected in the caption of Plaintiff's motion, Plaintiff seeks to have the court order the Defendant to submit the recording of the disciplinary proceeding as an exhibit in order "to prove his case." (Doc. # 73 at 1).  While Defendant does not oppose submitting the recording to the court, the Defendant argues it is inappropriate to submit exhibits to the court when there is no motion or other matter pending for which the recording would be relevant.  (Doc. # 83 at 1-2).

Defendant is correct. The court clerk cannot act as a repository for documents, or as Defendant describes it, as a "custodian of exhibits." (*Id*).  Plaintiff states he has "right to develop his own record." (Doc. # 90 at 2). Plaintiff is correct – but only with respect to the pendency of a motion (e.g., a motion for summary judgment) or other filing (e.g., Pre-Trial Order).  As the recording is not identified as an exhibit to a motion which was pending when Plaintiff's motion was filed (12/24/14), Plaintiff's motion (Doc. # 73) is **DENIED.**

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:     /s/
Deputy Clerk