UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | February 25, 2015 |
| RON JAEGER, et al., | ) | |
| Defendants | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court are two Motions for Change of Venue for Purposes of Trial filed by Plaintiff. (Docs. ## 86, 93.) Defendants opposed Plaintiff's first motion. (Doc. # 91.) Defendants did not respond to Plaintiff's second motion for change of venue (Doc. # 93), presumably because that motion is almost verbatim to Plaintiff's initial motion which Defendants did oppose. Plaintiff has replied to Defendants' opposition. (Doc. # 99.)

Plaintiff seeks the change of venue for trial because 12 of his 15 potential witnesses are located in Clark County, Nevada. (Doc. # 86 at 1.) Defendants' counsel notes that it would be a burden on not only Defendants' counsel but on the presiding Judge, requiring travel to Las Vegas and lodging for the period of the trial. (Doc. # 91 at 2.) In reference to the Defendants' comment that if venue is changed, the District Judge would have to travel to Las Vegas, Plaintiff states, "Plaintiff has not heard of that one." (Doc. # 99 at 2.) Plaintiff suggests that rather than having the District Judge travel to Las Vegas, that the court "appoint a new judge to conduct the trial." (*Id*.)

At the present time, there are too many vagaries associated with Plaintiff's motions, including the possible requirement that District Judge Miranda Du and attendant court staff would have to travel to Las Vegas for trial if Plaintiff's motion is granted. The Local Rules for the United States District Court (LR IA 8-1) require Plaintiff's action to be commenced in the Division in which the inmate is held when the complaint is filed. Plaintiff's action was properly filed in the Northern Division, because Plaintiff was then housed in Ely State Prison.

MINUTES OF THE COURT
3:13-cv-00433-MMD-WGC
Date:  February 25, 2015
Page 2

      The rules authorize the court, in its discretion, to conduct a trial in a division other than the division where filed. LR IA 8-1(c). Documents pertaining to the case are still filed in the division where commenced. (*Id.*) However, there is no provision in the Local Rules to reassign a case to another District Judge if venue is transferred.  The case remains with the originally assigned judge. Of course, this does not foreclose any decision by District Judge Du to perhaps change the location of trial at a later date, perhaps as the case gets closer to a trial date.

      Plaintiff's motions (Docs. ## 86, 93) are **DENIED WITHOUT PREJUDICE.** Plaintiff can request a change of venue when and if the parties submit the joint pretrial order.

      **IT IS SO ORDERED.**

                                                                             LANCE S. WILSON, CLERK

                                        By:       /s/
                                                          Deputy Clerk