UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: Docs. # 85, 88** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is "Plaintiff's Motion Requesting Access to Interview Witnesses and an Order Stating Witness' Rights to Participate or Refuse." (Doc. # 85.)[1] Plaintiff's motion was supplemented with a request to include additional witnesses to be interviewed. (Doc # 88.) Defendants oppose the motion and request (Doc. # 92) and Plaintiff has replied (Doc. # 100).

Plaintiff's motion and request for court-sanctioned interviews are matters with which the court does not become involved. Typically, a party may seek to discuss a case with a person having discoverable knowledge about pending litigation without leave of court. The court, however, has no power or authority to require a witness to submit to an interview. The case Plaintiff cites, *U.S. v. Black*, 767 F.2d 1334 (9th Cir. 1985), is inapposite to Plaintiff's position. The primary holding in this criminal case was to note the government could not instruct a witness not to be interviewed unless the government's attorney was present. However, the decision sustained the government's right to advise a witness he or she did not have to consent to be interviewed. 767 F.2d 1337-1338. The case does not stand for the proposition a court in an inmate civil right case has the authority to order witnesses to appear for an interview.

---

[1] Refers to court's docket number.

For a witness who declines to be interviewed, a party may undertake formal discovery. For example, a party may serve a notice of a deposition of a witness under Fed. R. Civ. P. 30 and command the witness to attend the proceeding with a subpoena under Rule 45, provided the party noticing the deposition provides the necessary means to record the deposition, pays for witness fees, etc. It does not appear that Plaintiff has availed himself of the deposition process.

Additionally, the court perceives Plaintiff's motion and request not necessarily as just a mechanism to have the court order witnesses to appear for interviews, but rather, to require personnel of the Nevada Department of Corrections (NDOC) to coordinate the interviews of those persons with whom Plaintiff wants to discuss the case. Plaintiff states in his proposed order:

> Warden Baker, at the Ely State Prison (E.S.P.), or her designated personnel, shall act as lead organizer in collating the dates and times for interviews to be conducted during the normal course of duty, at the place of employment, if possible. * * *
>
> All relevant Wardens and Supervisors shall do all they can to ensure the completion of these interviews. The locations of some of the witnesses may have change, (sic) but the department of prison (sic) should know their current whereabouts. The name of the current grievance coordinator, at SDCC, will be provided by Warden Baker, or her designated personnel for Plaintiff, as well as the Defendant.

Doc. # 85 at 8-9.

What Plaintiff therefore seeks is for this court to order one or more individuals, i.e., "all relevant Wardens and Supervisors," to organize and handle the logistics for the some 22 interviews he wants to undertake. But neither Warden Baker nor "all relevant Wardens and Supervisors" are before this court; the only party before this court beside Plaintiff is Defendant Jaeger. Even if the court had the power or authority to order witnesses to appear for an interview, which it does not, the court could not order Warden Baker and others to coordinate the logistics for the interview of 15 alleged witnesses from Southern Desert Correctional Center and 4 from Ely State Prison, as well as the NDOC Deputy Director and the NDOC Grievance Responder in Carson City.

Plaintiff's motion and request (Docs. # 85, 88) are therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: February 25, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE