**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY CROSS, Plaintiff, vs. RON JAEGER, et al., Defendants. | 3:13-cv-00433-MMD-WGC **ORDER** **Re: Doc. # 96** |

Before the court is Plaintiff's Motion for Order to Compell (sic) Production of Documents from Defendant Ron Jaeger [Second Set] (Doc. # 96[1]), Defendant's Response to Plaintiff's Motion (Doc. # 115), Plaintiff's Reply to Defendant's Response (Doc. # 124), and Plaintiff's Reply to Defendant's Supplemental Response to Plaintiff's Request for Production of Documents [Second Set] (Doc. # 126).

**I. BACKGROUND AND DOCUMENT IDENTIFICATION**

Defendant originally responded to Plaintiff's second set of Requests for Production (RFP) on January 20, 2015 (Doc. # 96 at 9-53), which generated Plaintiff's February 17, 2015 motion to compel. (Doc. # 96.) Defendant responded to Plaintiff's motion to compel by including a supplemental response to Plaintiff's RFP, although the response to Plaintiff's motion did not include the actual documents which comprised the Defendant's supplemental response. Those documents were instead produced by Plaintiff in his reply to Defendant's supplemental response. (Doc. # 126.)

The documents produced by Defendant Jaeger were identified with "NDOC" Bates identifiers. The following chart summarizes where the documents produced by Defendant may be located amongst the pending discovery filings:

---

[1] Refers to court's docket number.

| NDOC Numbers | Document | Doc. Numbers |
|---|---|---|
| 0001-0016 | Plaintiff's Motion to Compel (Doc. # 96) | Doc. # 96 at 18-34 |
| 0113-0128[2] | Plaintiff's Motion to Compel (Doc. # 96) | Doc. # 96 at 35-53 |
| 0127-0129 | Plaintiff's Motion to Compel (Doc. # 96) | Doc. # 96 at 48-50 |
| 0130-0132 | Plaintiff's Motion to Compel (Doc. # 96) | Doc. # 96 at 51-53 |
| 0133-0214 | Plaintiff's Reply to Defendant's Supplemental Response (Doc. # 126) | Doc. # 126 at 14-93 |
| 0215-0218 | Plaintiff's Reply to Defendant's Supplemental Response (Doc. # 126) | Doc. # 126 at 12; however, NDOC ## 0215 and 0217 are missing (Doc. 126 at 93-95) |

## II. DISCUSSION

### A. Pre-Motion Effort to Resolve Discovery Dispute

The question initially presented to the court is whether Plaintiff, in advance of filing his motion to compel, undertook a sincere effort to resolve the discovery dispute as is required by LR 26-7(b). Defendant contends Plaintiff sent Deputy Attorney General Johnson a letter on January 27. Defendant argues Plaintiff did not provide Defendant "adequate time to respond before filing his motion to compel." (Doc. # 115 at 1.) Plaintiff's letter was not attached to Defendant's response. Plaintiff in reply asserts seven days "is more than enough to correct what Defendant knew very well he had done wrong." (Doc. # 124 at 3.) While the court recognizes seven days may be insufficient to fully resolve a discovery dispute, the court also notes that Plaintiff's motion to compel was dated February 11, 2015. (Doc. # 96 at 7.) It does not appear to the court that Defendant's counsel contacted Plaintiff during that time period (January 27 - February 11) to discuss Plaintiff's discovery dispute. The court is therefore not going to deny Plaintiff's motion on the meet and confer requirement.

Although Defendant did not contend Plaintiff's motion was untimely, the court notes an argument could potentially have been made that Plaintiff's motion to compel is untimely, as it was not received for filing until February 17, 2015 (but dated and served on February 11, 2015; *id.*) The original

---

[2] NDOC pp. 0017-0112 were identified in Defendant's Supplemental Response to RFP 3 as privileged documents and were "placed in a privilege log and will not be produced to Plaintiff." Doc. # 115-1 at 5-6. However, no "privilege log" was produced by Defendant. Defendant's objection is discussed *infra* in this order.

scheduling order set a deadline of January 22, 2015 for any discovery motions. (Doc. # 27 at 1.) However, the court granted Defendant an extension to January 19, 2015, to respond to Plaintiff's discovery. Therefore, it would be unfair to deny Plaintiff's motion on the timeliness basis.[3]

**B. Motion to Compel**

**1. Relevance of Discovery to Substantive Allegations of Plaintiff's Complaint**

Plaintiff's motion to compel pertains to RFPs 1, 2, 3, 4, 5, 6, and 8. At this time, the court is not going to address each of the disputed requests, but will instead direct the courtroom administrator to schedule a hearing on Plaintiff's motion. However, the court will make two comments on disputed discovery, one of which will require additional action by Defendant Jaeger.

In that regard, Plaintiff is admonished that the discovery he has served and/or might serve in the future must be relevant to the allegations the court has allowed to proceed. See this court's discovery order entered on March 27, 2015. (Doc. # 131.)

**2. Defendant's Assertion of Privilege**

The court next addresses Defendant's assertion of privilege with respect to Plaintiff's request for documents, i.e., RFP #4. (Doc # 115-1 at 5, 6.) Request No. 4, Defendant's original response to this request and his supplemental response read as follows:

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

You have contended that you were authorize (sic) to answer Plaintiff's emergency grievance on September 30, 2011. In Interrogatory No. 12, Plaintiff asked you to produce any and all documents stating that you were properly trained. Plaintiff is again requesting the documents.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

Objection, Plaintiff's request is vague, ambiguous and confusing. Objection, Plaintiff's request is overly broad and unduly burdensome. Objection, Plaintiff's request is compound. Objection, Plaintiff's request fails to state a timeframe. Objection, Plaintiff is requesting employment documents, which Inmates are not permitted to possess; per AR 308 – **Department Staff and Applicant Records**, and Nevada Administrative Code 284.718 – **Confidential Records**, employment records are confidential. Objection, Plaintiff is requesting documents which may be confidential in nature, or which may pose a risk to institutional safety and security, disclosure of which could jeopardize the safety of the institution, officers, inmates and the public.

---

[3] Plaintiff argues Defendant was a day late in serving his responses on January 20, 2015. However, January 19, 2015, was a federal holiday (Martin Luther King day). Therefore, Defendant would be entitled to an additional day to comply with the order. Fed. R. Civ. P. 6(a)(1)(C).

Based on these objections, no documents will be provided to Plaintiff in response to Request for Production of Documents No. 4; the following training documents for named Defendant Ronald Jaeger will be placed in a privilege log and will not be produced to the Plaintiff:

Nevada Department of Corrections Training Documents for Correctional Lieutenant Ron Jaeger; bearing the Bates stamp identification range **NDOC** 0017-0112.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4**

Objection, Defendants reaffirm Plaintiff's request is requesting employment documents, which Inmates are not permitted to possess; per AR 308 – **Department Staff and Applicant Records**, and Nevada Administrative Code 284.718 – **Confidential Records**, employment records are confidential. Further, the requested documents are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, training records are maintained by the NDOC personnel division and will not be disclosed or disseminated to Plaintiff for review or possession. Further, to clarify a privilege log is to help keep track of privileges asserted in response to discovery requests, the point in time that the privilege is asserted and documents the circumstances surrounding your communication of the privilege to the opposing party.

(Doc. # 115-1 at 4:17-28, 5:1-16.)

The Defendant's assertion of privilege will be addressed by the court in two steps: first, the logistical obligation of a party asserting a privilege to produce a privilege log, and second, the substantive basis for what Defendant asserts as a privilege.

**(a) Privilege Log**

With regard to a privilege log:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to a protection as trial-preparation material, the party must: (I) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

Defendant did not serve a typical privilege log along with his responses. The fact that this is a civil rights action brought by an incarcerated individual does not absolve Defendant of the Rule 26(b)(5)(A) requirement of serving a privilege log.

The advisory committee notes to Rule 26(b)(5) make clear that withholding otherwise discoverable materials on the basis that they are privileged without notifying the other party as provided in Rule 26(b)(5)(A) by describing the nature of the information so as to enable the opposing party to

assess the claim "may be viewed as a waiver of the privilege or protection." Fed. R. Civ. Pro. 26(b)(5) advisory committee's comment (emphasis added). The advisory committee comments also indicate that if it appears complying with the privilege log requirements presents an undue burden, a party may seek relief through a protective order. *Id.* Defendant Jaeger did not move for a protective order to relieve him of the obligation of providing a privilege log.

The objections state that the documents sought are employment records which are confidential pursuant to AR 308 and NAC 284.718. The court is skeptical of Defendant's representation that the records Plaintiff seeks, i.e., documents that reflect Defendant was "properly trained" to answer an emergency grievance (more specifically, Plaintiff's emergency grievance (Doc. # 96 at 5: 11-12)) constitute some 95 pages. Plaintiff is not seeking all of Defendant's employment records – only those that relate to the status of Defendant Jaeger's training regarding grievances as of September 30, 2011. (*Id.*, at 23-24.)

The court views training materials relating to processing of grievances to fall within the concept of relevancy. The court still needs to address whether the documents are privileged. Therefore, Defendant will be directed to produce a privilege log which is more detailed as to which of the materials contained in Defendant Jaeger's training documents file pertain to the specified subject matter of grievance training.

**(b) The "Official Documents" Privilege**

The next issue the court must confront is the subject of the privilege(s) asserted by Defendant. Defendant's objection or assertion of privilege is based on state regulations. However, this is a federal civil rights claim which is before the court. "In a civil rights case brought under federal statutes questions of privilege are resolved by federal law." *Kerr v. U.S. District Court for the No. Dist. Of Ca.*, 511 F.2d 192, 197 (1975); Fed. R. Evid. 501. As the United States District Court for the Northern District of California pointed out:

> It…would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities. If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). This does not mean that federal courts can just ignore state privilege doctrine. *See id.* ("federal courts generally should give some weight to privacy rights that are protected by state constitutions and state statutes"); *see also Boar, Inc. v. County of Nye*, 2:08-cv-01091-PMP-RJJ, 2010 WL 5070888, at * 2 (D. Nev. Oct. 15, 2010).

Federal law governing privilege has not been codified; instead, "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs any claim of privilege" unless otherwise provided by "the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Fed. R. Evid. 501. As a result, while the court may give some weight to the State confidentiality interests contained in AR 308 and NAC 284.718, they do not *ipso facto* control the determination of the applicability of privilege in this case as Defendant has argued.

While Defendant did not actually invoke this privilege by name, he is essentially asserting the "official information privilege" over the requested documents. The court will discuss this doctrine.

Federal courts have recognized a qualified privilege for "official information." *See Kerr*, 511 F.2d at 198. Personnel files and complaints made against government employees have been considered "official information." *Id.*; *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (citation omitted). When a party asserts this privilege, courts must engage in a balancing analysis to determine whether the potential benefits of disclosure outweigh the potential disadvantages. *Id.*; see also *Sanchez*, 936 F.2d at 1033 (citation omitted); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992); *Kelly*, 114 F.R.D. at 656.

Some district courts within the Ninth Circuit (including courts in the District of Nevada) have adopted a protocol outlined in *Kelly*, 114 F.R.D. at 669-70 (hereinafter referred to as the "*Kelly* Protocol"), that parties must comply with when asserting the official information privilege. *See e.g.*, *Duenez v. City of Manteca*, No. 2:11 cv 1820 LKK AC, 2013 WL 684654 (E.D. Cal. Feb. 22, 2013); *Carrillo v. Las Vegas Met. Police Dept.*, No. 2:10-cv-02122-KJD-GWF, 2013 WL 592893 (D. Nev. Feb. 14, 2013); *Boar*, 2010 WL 5070888, at * 3-4 (recognizing the *Kelly* Protocol but overlooking defendants' failure to submit the required declaration or affidavit); *Smith v. Casey*, No. 2:06-cv-01188-BES-GWF, 2008 WL 2570855, at *5 n. 2 (June 24, 2008); *Hampton v. City of San Diego*, 147 F.R.D. 227, 231 (S.D. Cal. 1993); *Miller*, 141 F.R.D. at 301.

This court has previously determined, however, that the *Kelly* protocol is inappropriate to utilize in prison conditions of confinement cases. *Manley v. Zimmer*, No. 3:11-cv-00636-RCJ-WGC, 2013 WL 5592328 at * 10. Instead, as this court stated in *Manley*,

> [t]he parties should follow the protocol for objecting or responding to discovery set forth in the Federal Rules of Civil Procedure. That is to say, a defendant asserting the official information privilege in a conditions of confinement case brought pursuant to section 1983 should be required to invoke the privilege in its responses to discovery[4], and serve with its responses a privilege log which adequately states the basis for invoking the privilege (in conformity with Rule 26(b)(5)(A)) so as to enable the requesting party to thereafter challenge the asserted privilege if he or she sees fit. If the responding party finds that it would be unduly burdensome to prepare and provide a privilege log to the plaintiff, the responding party may seek a protective order. See Fed. R. Civ. Pro. 26(b)(5) advisory committee comment. Likewise, if a privilege log is provided and the plaintiff determines it is not in conformity with Rule 26(b)(5), the inmate plaintiff may seek appropriate relief through a motion to compel (after pursuing efforts to resolve the dispute informally).
>
> After making a meaningful effort to meet and confer to resolve the dispute, if the plaintiff determines the objection is inappropriate or should otherwise not be sustained, he or she may file a motion to compel. Any motion to compel must demonstrate the relevance of the requested documents in accordance with Rule 26(b)(1). In addition, the plaintiff should identify what interests of the plaintiff would be harmed if the court ordered that the information not be disclosed. In an opposing brief, the party asserting the official information privilege has the burden of showing the information requested information is privileged.
>
> The court will note, however, that the *Kelly* Protocol does provide some useful guidance to the opposing party in this regard. As in *Kelly*, the opposing party should specifically address the disadvantages of disclosure so that the court may properly engage in a balancing of the potential benefits of disclosure against the disadvantages. The court suggests this argument be supported by appropriate declarations which establish the government or privacy interests that would be harmed if the information is disclosed and why a carefully crafted protective order will not alleviate those concerns.

This court also noted in *Manley* an objection predicated on the official information privilege should address the disadvantages of disclosure of the allegedly privileged documents. In *Manley*, this court suggested the objection should be accompanied by a declaration of a knowledgeable NDOC official who can identify and establish "the governmental or privacy interests that would be harmed if the information is disclosed and why a carefully crafted protective order will not alleviate those concerns." *Manley*, at *11.

Other than carte blanche asserting employment records are "confidential," (Doc. # 115-1 at 5),

---

[4] A defendant should also timely assert all other applicable objections, *e.g*,. that a request seeks information that is not relevant, is overbroad or unduly burdensome.

Defendant undertakes no explanation as to why Defendant Jaeger's recods regarding training on the processing of grievances is "confidential in nature or which may pose a risk to institutional safety and security, disclosure of which could jeopardize the safety of the institution, officers, inmates and the public."

Accordingly, in order for the court to properly assess Defendant's assertion of a claim of privilege, Defendant is directed **within ten (10 days** to:

(1) Provide a privilege log as to the Jaeger training documents which pertain to processing of grievances and/or not retaliating against an inmate who pursues a grievance;

(2) Identify whether Defendant is asserting a qualified privilege for official information with respect to the training records referred to in paragraph (1); and,

(3) Substantiate the basis for the privilege with the submission of a declaration of a qualified NDOC official how these particular training documents establish governmental or privacy interests that would be harmed if the information is disclosed and explain why a carefully crafted protective order would not alleviate those concerns.

To reiterate, because this case is governed by federal law on privilege, Defendant must do more than merely cite to a Nevada Department of Corrections Administrative Regulation or to the Nevada Administrative Code on confidentiality to cloak the requested documents under a claim of privilege.

After the court receives Defendant's further response in this regard, the court will conduct a hearing on Plaintiff's Motion to Compel (Doc. # 96 and other attendant filings) and Defendant's response to this order.

**IT IS SO ORDERED.**

DATED: March 27, 2015

William G. Cobb

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE