1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8

9  ANTHONY CROSS,                    )            3:13-cv-00433-MMD-WGC
                                     )
10           Plaintiff,              )                    **ORDER**
                                     )
11     vs.                           )              **Re: Doc. # 162**
                                     )
12 RON JAEGER, et al.,               )
                                     )
13           Defendants.             )
   _____   )

14

15       Before the court is Plaintiff's "Motion for Sanctions Due to the Spoliation of Evidence." (Doc.

16  # 162[1]).  Defendant has responded (Doc. # 167) and Plaintiff has replied (Doc. # 180).

17                            **I.  BACKGROUND**

18       The subject of Plaintiff's motion pertains to an emergency grievance which Plaintiff contends

19  was not retained by Defendant Jaeger nor entered by Defendant Jaeger into the Nevada Department of

20  Corrections (NDOC) NOTIS computer system.  Plaintiff seeks sanctions by reason of Defendant's

21  failure to save or file the grievance or to enter it into the NOTIS system.

22       While Defendant does not dispute the grievance was not entered into NOTIS, the grievance has

23  been produced by Plaintiff and is part of the Plaintiff's complaint. Defendant Jaeger admits that the

24  signature on Plaintiff's copy of the emergency grievance is his (Jaeger's).  Doc # 167 at 2.)  Defendant

25  also notes that the grievance was submitted in September 2011 but that Plaintiff's legal action was not

26  commenced until some two years later, August 12, 2013. (Doc. # 1.) Thus, Defendant Jaeger argues he

27  would not have had knowledge of the relevance of any grievance to Plaintiff's litigation.  Defendant last

28  argues there is no "adverse inference" which should be imposed because the document exists and he

_____

[1] Refers to court's docket number.

1    admits its authenticity.

2    ## II. DISCUSSION

3        The issue of sanctions for spoliation of evidence by reason of a party's failure to preserve

4    relevant evidence was cogently addressed by Magistrate Judge George W. Foley in *Anderson v.*

5    *Wal-Mart Stores, Inc.*, No. 2:10-cv-02235-GMN-GWF, 2012 WL 300878 (Feb. 1, 2012). Judge Foley

6    stated:

7

8            [T]he court has the inherent authority to impose sanctions based on a party's failure to
             preserve relevant evidence. Sanctions may be imposed if the party was on notice that the
9            evidence was potentially relevant to pending or reasonably foreseeable litigation and
             failed to take reasonable steps to preserve it. *United States v. $40,955.00 In U.S.*
             *Currency,* 554 F.3d 752, 758 (9th Cir.2009); *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958
10           (9th Cir.2006); and *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th
             Cir.1992). *See also Anderson v. Wal-Mart Stores, Inc.*, 2011 WL 4621286, at *3-*4
11           (D.Nev. 2011). The forms of sanction may include (1) an instruction to the jury that it
             may draw an inference adverse to the party or witness responsible for destroying the
12           evidence, (2) an order excluding witness testimony proffered by the party responsible for
             destroying the evidence, or (3) a dispositive order dismissing the complaint or entering
13           a default judgment. *In re Napster,* 462 F.Supp.2d 1060, 1066 (N.D.Cal.2006). *See also*
             *Powell v. Texvans, Inc.,* 2011 WL 1099120, *4 (D.Nev.2011) and *Morford v. Wal–Mart*
14           *Stores, Inc.,* 2011 WL 635220, *3 (D.Nev.2011). While a finding of bad fath is not
             required for the imposition of sanctions, "a party's motive or degree of fault in destroying
15           evidence is relevant to what sanction, if any, is imposed." *In re Napster,* 464 F.Supp.2d
             at 1066–67, citing *Baliotis v. McNeil,* 870 F.Supp. 1285, 1291 (M.D.Pa.1994). Courts
16           should choose "the least onerous sanction corresponding to the willfulness of the
             destructive act and the prejudice suffered by the victim." *Schmid v. Milwaukee Electric*
17           *Tool Corp.,* 13 F.3d 76, 79 (3rd Cir.1994); *Dillon v. Nissan Motor Co., Ltd.,* 986 F.2d
             263 (8th Cir.1993). *See also Leon v. IDX Systems Corp.,* 464 F.3d 951, 959 (9th Cir.
18           2006).

19    *Id*., at *2.

20        Although, as Judge Foley noted in *Wal-Mart*, "bad faith or motive" is not necessarily

21    determinative in a spoliation claim, the timing of Defendant Jaeger's failure to preserve the NDOC copy

22    of the grievance or his not entering it into NOTIS does not give rise to any suggestion of an adverse

23    motive or bad faith on Jaeger's behalf, at least insofar as this litigation is concerned..

24        Plaintiff argues Defendant failed to comply with NDOC procedures for not entering the grievance

25    into NOTIS. Plaintiff may make this argument at trial. While the facts surrounding the filing and

26    retention of this grievance might be subject to question, there is no evidence of the "wilfulness of the

27    destructive act." It is not an appropriate basis for sanctions for spoliation of a document, a copy of which

28    survives and the authenticity of which has been verified by the Defendant. (Doc. # 167 at 2.)  Failing to

1   follow NDOC procedures is not a basis for spoliation sanctions.

2          Last, because Plaintiff has a copy of the grievance, the court cannot discern any prejudice to

3   Plaintiff insofar as this litigation is concerned.

4          The burden is on the movant of establishing the element of a spoliation claim. *Centrifugal*

5   *Force, Inc. v. Softnet Communications, Inc.*, 783 F. Supp.2d 736, 740 (S.D. N.Y. 2011); *Reinsdorf v.*

6   *Skechers, USA*, 296 F.R.D. 604, 626 (C.D. Cal. 2013). Plaintiff has not carried his burden in this matter.

7          Plaintiff's motion (Doc. # 162) is **DENIED**.

8   IT IS SO ORDERED.

9   DATED:   June 17, 2015.

10                                                      _____
                                                        WILLIAM G. COBB
11                                                      UNITED STATES MAGISTRATE JUDGE