1
2
3
4
5
6                       UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                    * * *

9    ANTHONY CROSS,                      |  Case No. 3:13-cv-00433-MMD-WGC

10                         Plaintiff,    |           ORDER

11        v.                             |  (Plaintiff's Objection to Order Regarding
                                         |  Plaintiff's Motion to Unseal – dkt. no. 55;
     RON JAEGER, et al.,                 |  Plaintiff's Objections Regarding March 10,
12                                       |  2015, Minutes of Proceedings – dkt. no.
                         Defendant.      |  119; Plaintiff's Objection to Minute Order
13                                       |  Regarding Plaintiff's Motion to Extend
14                                       |  Copy Work Account – dkt. no. 136;
                                         |  Plaintiff's Objection to Order Denying
15                                       |  Plaintiff's Motion to Compel – dkt. no. 137;
                                         |  Plaintiff's Objections Regarding May 22,
16                                       |  2015, Minutes of Proceedings – dkt. nos.
                                         |  169, 170, 171, 172, 173, 174; Plaintiff's
17                                       |  Objection to Order Regarding Plaintiff's
                                         |  Motion for Sanctions – dkt. no. 187)
18

19   I.    SUMMARY

20        Before the Court are Plaintiff's objections to various orders entered by Magistrate

21   Judge William G. Cobb. For the reasons discussed below, Plaintiff's objections are

22   overruled and denied.

23   II.   BACKGROUND

24        Plaintiff Anthony Cross is a pro se litigant proceeding *in forma pauperis*. He is an

25   inmate in the custody of the Nevada Department of Corrections and has been at all

26   relevant times.

27        The Amended Complaint ("FAC") asserts claims for violation of Plaintiff's First

28   Amendment and Fourteenth Amendment rights, as well as violations of administrative

regulations under Nevada state law, against Sergeant Ron Jaeger and A.W.P./ Grievance Coordinator Cheryl Burson. (Dkt. no. 7.) This Court's screening order permitted Plaintiff to proceed only as to Plaintiff's claims under the First Amendment and Article 1, Section 9 of the Nevada Constitution for alleged retaliation and/or interference with Plaintiff's ability to pursue a disciplinary appeal and grievance. (Dkt. no. 6.) Defendant Jaeger filed an answer to the FAC. (Dkt. no. 26.) The FAC was dismissed as to Defendant Burson pursuant to Fed. R. Civ. P. 4(m). (Dkt. no. 146.)

Throughout the discovery process, Plaintiff has filed numerous objections to Judge Cobb's orders. The Court will now address those objections.

## III.   LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.")

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

## IV.   ANALYSIS

### A.   Motion to Unseal

Plaintiff moved to unseal Burson's last known address so that he could effectuate service by mail and Defendant Jaeger contested the motion, arguing that Burson's

address is confidential and that revealing the address of a former NDOC employee would pose a safety and security risk. (Dkt. no. 47.) Judge Cobb allowed Plaintiff to prepare service by mail and deliver the envelope to the warden's office. (*Id.)* The warden's office was directed to place Burson's address on the envelope and place the envelope in U.S Mail. (*Id.*) This solution was intended to strike a balance between adhering to NDOC policies with regard to disclosing addresses of past and current employees but also permitting Plaintiff an opportunity to effectuate service by mail.

Plaintiff's objection states that he will comply with the order, but registers his dissatisfaction with it. (Dkt. no. 55.) He states that the warden should not be allowed to handle his mail because nothing is stopping the warden from throwing the envelope in the trash. (*Id.*)

The Court cannot conclude that Judge Cobb committed clear error. Judge Cobb's order attempts to balance security concerns with providing Plaintiff the ability to conduct service by mail. Plaintiff provides no basis for his belief that the warden would not comply with Judge Cobb's order. Plaintiff's objection (dkt. no. 55) is overruled and denied.

**B.      March 10, 2015, Status Conference**

On March 10, 2015, Judge Cobb held a telephonic discovery status conference to address several pending discovery motions. (Dkt. no. 116.) Judge Cobb addressed multiple sets of Plaintiff's requests for admissions, requests for interrogatories, and requests for production of documents. Judge Cobb ordered Jaeger to file or supplement answers as to the majority of Plaintiff's requests, but sustained some of Jaeger's objections. (Dkt. no. 116.) Plaintiff's objection addresses those requests for which Judge Cobb sustained Jaeger's objections or did not require an answer. (Dkt. no. 136.) Jaeger filed a response. (Dkt. no. 139.)

Federal Rule of Civil Procedure 26(b) allows the discovery of any matter, not privileged, that is reasonably calculated to lead to the discovery of admissible evidence. ///

Fed. R. Civ. P. 26(b); *see Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 526 (D. Nev. 1997). Courts have broad discretion in controlling discovery. *Id.*

Plaintiff's objections ask the Court to substitute its judgment for Judge Cobb's, which this Court cannot do. *See Grimes*, 951 F.2d at 241. The objections appear to re-litigate the arguments raised before Judge Cobb and voice Plaintiff's apparent dissatisfaction with the way Judge Cobb ruled, but they fail to demonstrate clear error.

As to Judge Cobb's decision regarding interrogatory no. 12 of Plaintiff's first set of interrogatories and request no. 18 of Plaintiff's second set of requests for admissions, Plaintiff objects to Judge Cobb's determination that Plaintiff's dissatisfaction with Jaeger's responses is a matter of impeachment for trial. (Dkt. no. 136.) Plaintiff's concern appears to be that Jaeger is not telling the truth in these responses. If that is the case, then this Court agrees with Judge Cobb that Plaintiff is entitled to attempt to impeach at trial but further response from Jaeger is not necessarily warranted. Plaintiff will have a full opportunity at trial to argue to a factfinder that Jaeger is being untruthful. Plaintiff also filed an emergency motion to force Jaeger to address his alleged dishonest answer as to interrogatory no. 12 (dkt. no. 45) and Judge Cobb denied this motion (dkt. no. 116). Plaintiff asks this Court to reconsider the emergency motion if the Court reverses Judge Cobb's order as to interrogatory no. 12. As the Court determines that Judge Cobb did not commit clear error as to interrogatory no. 12, Plaintiff's objection as to his emergency motion is overruled and denied.

As to Judge Cobb's decision regarding interrogatory nos. 24 and 25 of Plaintiff's first set of interrogatories, Plaintiff takes issue with Judge Cobb's sustaining of Jaeger's relevance objections. (Dkt. no. 136.) Plaintiff fails to indicate how these requests are relevant to Plaintiff's claims, except to broadly state that they deal with past conduct, which can be considered in awarding punitive damages. Plaintiff's objection fails to demonstrate that Judge Cobb committed clear error in sustaining these objections. Similarly, Plaintiff objects to Judge Cobb's decision as to nos. 18, 19, and 20 of his second set of interrogatories, which also ask about past conduct that does not appear to

relate to the incidents that form the basis of Plaintiff's claims. The same is true with regard to Plaintiff's objections as to Judge Cobb's denial of Plaintiff's request for production of a third party's disciplinary appeal documents and a synopsis of past disciplinary proceedings. Judge Cobb determined such a request was burdensome and irrelevant. (Dkt. no. 130.) As with the other requests involving past incidents, Plaintiff fails to demonstrate that Judge Cobb's determination as to relevance was clearly erroneous. Plaintiff only baldly proclaims that prior misconduct is relevant without demonstrating that the requested information and documents provide an important element of Plaintiff's case.

### C.    Motion to Extend Copy Work Account

Plaintiff filed a motion to extend copy work account seeking an extension of $100.00. (Dkt. no. 125.) Judge Cobb entered an order granting an extension of an additional $10.00 only. (Dkt. no. 130.) Plaintiff objects and argues the extension amount is too small by pointing to the cost of copies for two filings, one of which was $9.00 and the other was $17.20. (Dkt. no. 136.) Jaeger filed a reply. (Dkt. no. 139.)

Inmates do not have a right to free and unlimited photocopying. *See Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Judge Cobb determined that the $10.00 extension, plus the $7.00 in Plaintiff's account, would allow for approximately 170 copies and deemed that sufficient. (Dkt. no. 130.) Plaintiff is by no means restricted from requesting additional extensions. While Plaintiff is dissatisfied with the result, nothing in Plaintiff's objection indicates clear error.

### D.    Motion to Compel

Plaintiff filed a motion for an order to compel answers to his second set of requests for admissions from Jaeger. (Dkt. no. 95.) This filing related to an issue raised in Plaintiff's objections as to his first set of interrogatories, which is whether Jaeger is being truthful in stating that he was a "shift supervisor" on the relevant date. (Dkt. no. 131.) Judge Cobb found that Plaintiff and Defendant were engaged in a dispute over semantics irrelevant to Plaintiff's claims. (*Id.*) That is, the question of whether Jaeger

should more accurately describe himself as a supervisor of an "entire institution" or a "mere unit supervisor" is irrelevant because Jaeger's responses have already indicated that he was a shift supervisor on the relevant date and had the authority to respond or address Plaintiff's grievance, which is all that is relevant to Plaintiff's claim that Jaeger interfered with his grievance. (*Id.*) Judge Cobb also noted that Jaeger provided NDOC documents defining what a shift supervisor is and explaining his or her responsibilities. Judge Cobb further noted that Jaeger stated that he does not recall Plaintiff filing an emergency grievance on the relevant date. (*Id.*)

Plaintiff's objection argues that Jaeger was not the shift supervisor and it was therefore not his obligation to answer Plaintiff's emergency grievance. (Dkt. no. 137.) The Court agrees with Judge Cobb that Plaintiff's request has been sufficiently addressed. It is clear that Plaintiff does not like the response provided by Jaeger but Plaintiff has failed to demonstrate that Judge Cobb committed clear error in determining that the response was sufficient. Jaeger has addressed the issue as it pertains to Plaintiff's claims. The purpose of discovery is to allow parties to obtain discoverable information, not to argue with the opposing party's discovery responses.  Plaintiff can attempt to demonstrate at trial that Jaeger is not being truthful if he so chooses.

**E.      May 22, 2015, Motion Hearing**

On May 22, 2015, Judge Cobb held a telephonic hearing to address several pending motions, including discovery motions. (Dkt. no. 168.) Plaintiff filed several objections relating to matters resolved at this hearing. (Dkt. nos. 169, 170, 171, 172, 173, 174.) Jaeger filed a response. (Dkt. no. 179.)

With respect to Judge Cobb's decision to deny Plaintiff's motion to compel in part as to some of the second set of requests for document production, Plaintiff's objection again argues that Jaeger did not have the authority to address Plaintiff's emergency grievance on the date in question. (Dkt. no. 169.) Plaintiff points out that he seeks more documents relating to this point but fails to present an argument as to why he believes Judge Cobb committed clear error in denying these requests. Instead, Plaintiff declares

that Judge Cobb does not want Plaintiff to make this point regarding Jaeger's authority and is therefore blocking evidence related to it. Judge Cobb's actions on May 22, 2015, appear to be reasonable in attempting to manage this issue, at one point directing Jaeger to respond as to whether there are any documents available that identify him as the "shift supervisor." (Dkt. no. 168.) Similarly Plaintiff objects to Judge Cobb's decisions as to a separate set of requests for interrogatories that focus on Jaeger's status as a shift supervisor. (Dkt. no. 174.) Plaintiff's objection states that he argued against Judge Cobb deeming certain responses satisfactory and Judge Cobb asked Jaeger for a document demonstrating that he was shift supervisor on the relevant date. (*Id.*) Plaintiff therefore believes that Judge Cobb determined the shift supervisor authority issue to be "relevant" and consequently Plaintiff's motions to compel as to requests related to this issue should have been granted. Plaintiff fails to demonstrate clear error. There is no indication that Judge Cobb determined that new evidence made some of Plaintiff's denied requests relevant again. As noted previously, Judge Cobb did find Jaeger's response that he was "shift supervisor" on the relevant date to be relevant to Plaintiff's claims. (*See* dkt. no. 131.) The requested document seeks confirmation on this point.

Plaintiff objects to Judge Cobb's denial of his request for a court-appointed investigator. (Dkt. no. 170.) That request was denied because Judge Cobb found the Court does not have the authority to appoint an investigator. (Dkt. no. 168.) Plaintiff's objection provides no authority to the contrary.

Plaintiff raises several objections as to Judge Cobb's denial in part of Plaintiff's motions to compel answers to requests for admissions and answers to interrogatories. (Dkt. no. 171.) With regard to request for admission no. 14, Judge Cobb found the response unsatisfactory so Plaintiff's objection is misplaced as to that request. (Dkt. no. 168.) As to the remaining requests, Plaintiff's objection only points out that he argued to Judge Cobb that he felt the responses were not satisfactory. (Dkt. no. 171.) This line of argument asks this Court to substitute its judgment for Judge Cobb's, which it will not do. ///

Plaintiff objects to Judge Cobb's denial of his motion for appointment of counsel. (Dkt. no. 172.) Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court is able to request an attorney for a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). The Court may only request counsel in exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In order to determine whether exceptional circumstances exist, the Court must consider "'the likelihood of success on the merits'" as well as the ability of the plaintiff to articulate his arguments "'in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted). Judge Cobb found that the requirements were not met in this case and Plaintiff has sufficiently demonstrated his ability to articulate his claims. (Dkt. no. 168.) Plaintiff also objects to his related request for institutional transfer, which Judge Cobb denied based on a finding that the Court does not have the authority to transfer Plaintiff. (Dkt. no. 168.) Plaintiff's objection as to both of these matters focuses only on Judge Cobb's alleged refusal to allow Plaintiff to access information relevant to his claims. (Dkt. no. 172.) Plaintiff has thus not presented any exceptional circumstances that warrant the appointment of counsel, apart from his dissatisfaction with Judge Cobb's decisions. Further, Plaintiff provides no explanation for why his current confinement prevents him from being able to carry out discovery or how the situation would be improved through transfer.

Plaintiff objects to Judge Cobb's denial of his request that depositions be conducted and defendant incur all costs. (Dkt. no. 173.) Judge Cobb found that Plaintiff was entitled to conduct depositions but did not perceive a basis for cost shifting. (Dkt. no. 168.) Judge Cobb determined that it would be the obligation of Plaintiff to pay for the costs of deposition. (*Id.*) "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Tedder v. Odol*, 890 F.2d 210, 211 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976). The 9th Circuit has held that 28 U.S.C. § 1915 does not authorize waiver of payments or fees of

expenses for certain trial proceedings. *Id.* at 211 (citing *Johnson v Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), cert. denied, 464 U.S. 917 (1983) (court in dicta referred to transcripts as part of trial proceedings that the "constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party.") This Court has found that waiver of transcript fees is not available to an indigent party. *Ellis v. Benedetti,* Case No. 308-cv-00657-MMD-WGC (D.Nev. June 8, 2015) (denying motion for production of transcripts at government's expense). "A party proceeding *in forma pauperis* is generally initially responsible for payment of discovery costs, including the costs of depositions, such as fees of court reporters for reporting and transcripts." *Shallowhorn v. United States (IRS)*, 1:07-cv-1856-OWW-SMS, 2008 WL 2875353, at *2 (E.D. Cal. July 23, 2008) (citing *Wright v. United States*, 948 F. Supp. 61, 61-62 (M.D. Fla. 1996) (collecting cases)). The *in forma pauperis* statute also does not waive payment of fees or expenses for witnesses. *Dixon v. Yist*, 990 F.2d 478, 480 (9th Cir. 1993) (citation omitted). Plaintiff cites to *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), which found that "even if § 1915 does not authorize the courts to order the provision of copies of deposition transcripts to an indigent civil litigant at government expense, it was within the equitable powers of the district court to order the defendants to pay for deposition transcripts for [pro se plaintiff] as a condition for taking the depositions." Even accepting that as true, Plaintiff has not demonstrated circumstances that warrant such an exercise of the Court's equitable powers. Plaintiff's objection only argues that deposition of certain witnesses is important. Judge Cobb indeed determined that Plaintiff was entitled to conduct depositions but the Court agrees with Judge Cobb that Plaintiff has provided no basis for cost shifting.

Plaintiff's objections do not demonstrate that Judge Cobb's decisions during the May 22, 2015, hearing were clearly erroneous or contrary to law.

**F.    Motion for Sanctions**

Plaintiff objects to the Magistrate Judge's decision to deny his motion to sanction Jaeger for not retaining Plaintiff's emergency grievance or entering the grievance into

the NDOC's NOTIS computer system pursuant to NDOC's procedures. (Dkt. no. 187.) The Magistrate Judge found that Plaintiff failed to meet his burden of establishing spoliation. (Dkt. no. 181.) In particular, the Magistrate Judge determined that while Jaeger failed to comply with NDOC's procedures by not entering the grievance into NOTIS, there was no evidence that Jaeger acted willfully or in bad faith to destroy evidence. (*Id.* at 2.) The Magistrate Judge further found that Plaintiff was not prejudiced by Jaeger's conduct because Plaintiff has a copy of the grievance and its authenticity has been verified by Defendant. (*Id.* at 2-3.) In his objection, Plaintiff continues to raise concerns about Defendant's challenge to the authenticity of the grievance which would prejudice him. (Dkt. no. 187 at 5.) Defendant's response reaffirmed that he will not challenge the authenticity of the grievance and he will be precluded from asserting an authenticity objection at trial. (Dkt. no. 191 at 2.) Whether Defendant's claim of a lack of recollection as to the basis for the grievance, as Plaintiff suggests Defendant has done (dkt. no. 187 at 3), is credible is an issue entirely unrelated to the authenticity of the grievance. Plaintiff fails to show that Magistrate Judge Cobb's decision is clearly erroneous or contrary to law.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of this Order.

It is therefore ordered that Plaintiff's Objections or Motions for District Judge to Reconsider Order (dkt. nos. 55, 119, 136, 137, 169, 170, 171, 172, 173, 174, 187) are overruled and denied.

DATED THIS 19th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE