# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: ECF No. 239** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion Requesting Defendant to Produce Exhibits "Q" and "R" of Plaintiff's Motion for Summary Judgment. (ECF No. 239.)[1] The motion seeks to have Defendant's counsel produce two sets of documents that pertain to Plaintiff's motion for summary judgment (ECF No. 222), i.e.,Plaintiff's Exhibit Q, "Training Documents of Defendant Ron Jaeger, Emp. #04051" and Plaintiff's Exhibit R, O.P. [Operational Procedure] 403 - Institutional Post Orders, ESP." (*Id*.)

As to Exhibit Q, Training Documents, Plaintiff states that while he was allowed access to Defendant Jaeger's training documents, he has not been provided a copy of these documents and thus cannot submit them to the court for evaluation under Plaintiff's motion for summary judgment. (ECF No. 239 at 2.) In that regard, this court's order of July 23, 2015, noted that counsel for Defendant Jaeger stated that Defendant Jaeger's training records were "provided to the Warden's Office for review." (ECF No. 192 at 2, 3.) It does not appear that Plaintiff has access to these documents outside of the Warden's Office.

As to Exhibit R, Ely State Prison Operational Procedure 403, Plaintiff submits documentation that reflects he requested but was denied access to OP 403. (ECF No. 239 at 4, 5.)

---

[1] Refers to court's docket number.

## DISCUSSION

The court perceives that Exhibit Q has a bearing on Plaintiff's motion for summary judgment. Because Plaintiff does not have possession of these documents, it seems appropriate for Defendant to duplicate and submit them to the court. Plaintiff's motion is **granted** as to Exhibit Q. If Defendant deems the information in the training documents to be sensitive or confidential, the submission of Exhibit Q should be accompanied by a motion to seal.[2]

The court has a more difficult time recognizing the relevance of Exhibit R to Plaintiff's motion for summary judgment. Exhibit R is described as "O.P. 403 – Institutional Post Orders, (ESP)." (ECF No. 222 at 27.) "ESP" refers to Ely State Prison where Plaintiff is now confined. However, Plaintiff's constitutional claims arose while Plaintiff was confined at Southern Desert Correctional Center (SDCC), not Ely State Prison (ESP). (ECF Nos. 4, 6.) Although Exhibit R is identified as one of Plaintiff's numerous exhibits pertaining to his motion for summary judgment, as best as the court can discern, this exhibit is not discussed in Plaintiff's memorandum of points and authorities accompanying Plaintiff's motion. The only reference to Exhibit R which the court can locate appears in Paragraph 7 of Plaintiff's Affidavit. (ECF No. 222 at 123.) The affidavit purports to quote language in Exhibit R, but possibly also from a document referred to as "NDOC 0162."

Defendant's response to Plaintiff's motion for summary judgment states that Exhibit F – SDCC Operational Procedure 740 "outlined how emergency grievances were handled and resolved at SDCC." (ECF No. 234 at 3.) SDCC Associate Warden Minor Adams submitted in an affidavit that emergency grievances are processed at SDCC in accordance with O.P. 740. Exhibit K to Defendant's response, the declaration of ESP Associate Warden Harold Byrne, states that the procedure for processing emergency grievances differs from ESP to SDCC. (ECF No. 234 at 13; Exhibit K.)

Therefore, the court fails to discern the relevance of Exhibit R since it is an operational procedure of ESP, not SDCC – where the events giving rise to this litigation took place. Plaintiff's motion, in this respect is **denied without prejudice.** If Plaintiff is able to establish the relevancy of the ESP O.P. 403

---

[2] Nevertheless, if the Defendant objects to this procedure, the court will entertain Defendant's objection and reconsider this component of this Order.

in a motion for reconsideration, the court will re-address this issue.

Plaintiff's motion (ECF No. 239) is **granted in part** and **denied in part** as outlined herein.

**IT IS SO ORDERED.**

DATED: October 15, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE