# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: ECF No. 250** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion for Reconsideration of this Court's Order Re: 242. (ECF No. 250.)[1] In this court's order of October 15, 2015, this court granted Plaintiff's request to have Defendant Jaeger submit his training/employment records as Exhibit Q to Plaintiff's motion for summary judgment. (ECF No. 242.)

However, the court denied Plaintiff's request to have an Operational Procedure from Ely State Prison (ESP) submitted to the court as Exhibit R. The court reasoned that because the events giving rise to Plaintiff's action occurred at Southern Desert Correctional Center (SDCC), Operational Procedures from ESP would not be relevant. (*Id*., at 2-3.)

It appears that Plaintiff's argument is that the operational procedures at ESP are likely similar to those at SDCC. The court disagrees. The declaration of ESP Associate Warden Harold M. Byrne represents the procedure for emergency grievances differs from ESP to SDCC. (ECF No. 234 at 13; Exhibit K; ECF 242 at 2.)

The court also does not concur with Plaintiff's conclusions that the policies are similar or even the same from institution to institution. If Plaintiff argues his rights were violated by reason of Defendant

---

[1] Refers to court's docket number.

1 failing to follow procedures for processing of emergency grievances, he should either refer to those
2 procedures that pertain to <u>all</u> institutions – such as Administrative Regulations (ARs) – or those
3 regulations specific to one institution – such as Operational Procedures (OPs) pertaining to SDCC.
4 Reliance on an operational procedure at another institution is not controlling.

5      Plaintiff states, without citation to the record, that "Plaintiff was blocked during the discovery
6 from obtaining relevant SDCC Post Orders pursuant to AR 401." (ECF No. 250 at 2.) The issue here is
7 an operational procedure, not a post order or administrative regulation.

8      Notwithstanding the foregoing, the court has now noted that the declaration of SDCC Associate
9 Warden Minor Adams states that "SDCC <u>Operational Procedure</u> 740.03(7) outlines how emergency
10 grievances are resolved at SDCC." (ECF No. 234-7 at 3, ¶ 8.) Inasmuch as the procedure for resolving
11 at emergency grievances at SDCC is central to this case, and because Associate Warden Adams'
12 declaration relies on this operational procedure, the document ought to be before the court.

13      Plaintiff's motion for reconsideration (ECF No. 250) is **GRANTED.** Defendant shall file <u>under
14 seal</u> the SDCC Operational Procedure 740.03(7) which was in effect on September 30, 2011 marked as
15 Plaintiff's Exhibit R referencing Plaintiff's Motion for Summary Judgment (ECF No.222) and this Order
16 and shall make SDCC Operational Procedure 740.03(7) available for Plaintiff's review at ESP.

17 **IT IS SO ORDERED.**

18 DATED:   October 28, 2015.

19                                 _William G. Cobb_
20                                 WILLIAM G. COBB
                                UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25
26
27
28