UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY CROSS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>RON JAEGER, et al.,<br><br>　　　　　　　　Defendant. | Case No. 3:13-cv-00433-MMD-WGC<br><br>ORDER |

## I. SUMMARY

The Court's August 19, 2015, Order ("August Order") overruled numerous objections that Plaintiff raised in response to Magistrate Judge William G. Cobb's discovery rulings. (Dkt. no 211.) Plaintiff has filed a motion for reconsideration of the August Order and a motion for permission to file an interlocutory appeal. (Dkt. nos. 217, 218.) In the meantime, Plaintiff has filed a number of objections to Judge Cobb's rulings. These motions and objections all relate primarily to Plaintiff's attempt to exhaust discovery relating to whether Defendant Ron Jaeger was a "shift supervisor" on the relevant date and had the authority to address Plaintiff's emergency grievance. For the reasons discussed herein, the Court denies Plaintiff's motions and overrules his objections.

## II. RELEVANT BACKGROUND

Plaintiff Anthony Cross is an inmate in the custody of the Nevada Department of Corrections and has been at all relevant times. This Court's screening order permitted Plaintiff to proceed only as to Plaintiff's claims under the First Amendment and Article 1,

Section 9 of the Nevada Constitution for alleged retaliation and/or interference with Plaintiff's ability to pursue a disciplinary appeal and grievance against Sergeant Ron Jaeger and A.W.P./Grievance Coordinator Cheryl Burson. (Dkt. nos. 4, 6.) The complaint was subsequently dismissed as to Defendant Burson pursuant to Fed. R. Civ. P. 4(m). (Dkt. no. 146.) Thus, the claims remaining are Counts I, I-A, V and V-A against Jaeger. In these Counts, Plaintiff alleges that Jaeger violated the First Amendment and Article 1, Section 9 of the Nevada Constitution on September 30, 2011, when he did not give Plaintiff the form required with a disciplinary appeal and thereafter intercepted and denied his emergency grievance. (Dkt. no. 4.)

Whether Jaeger had authority to address Plaintiff's grievance on September 30, 2011, has been a contentious issue in discovery. (Dkt. nos. 211, 192, 199.) Plaintiff contends Jaeger was not being truthful in stating that he was a "shift supervisor" on the relevant date. (Dkt. no. 131.) This issue was the subject of the Court's August Order and Judge Cobb's rulings. (*See, e.g.,* dkt. nos., 211, 192, 199.) In supplemental responses that Judge Cobb ordered Defendant to provide, Defendant essentially states that he was the "Segregation Sergeant" and was the supervising sergeant for the segregation unit where Plaintiff was housed on September 30, 2011. (Dkt. no. 178-1 at 3-5.) Judge Cobb directed Defendant to advise whether there exists any NDOC document or administrative regulations that authorize Defendant as a segregation sergeant to act as the shift supervisor. (Dkt. no. 192 at 5.) In compliance with Judge Cobb's order, Defendant filed a notice, stating in pertinent part, that:

> After a careful review, no Nevada Department of Corrections administrative regulation or operational procedure could be located which specifically authorized Defendant Jaeger to respond to the emergency grievance. Defendant Jaeger maintains that he was the segregation sergeant and was thus a shift supervisor for purposes of AR 740. However, no document could be located which specifically details this designation.

(Dkt. no. 197 at 1.) Judge Cobb found that the issue of what authority, if any, Jaeger had to address Plaintiff's grievance has been resolved and any additional proposed discovery would not be clarifying or even relevant to Plaintiff's claims. (Dkt. no. 199.) For

these reasons, Judge Cobb denied Plaintiff's request to serve a third set of discovery requests and a supplement to the third set of discovery requests. (*Id.*; dkt. no. 200.) Plaintiff has objected to Judge Cobb's rulings.

## III. PLAINTIFF'S OBJECTIONS

### A. Standard of Review

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.").

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

Plaintiff's objections (dkt. nos. 195, 196, 204, 209, 219) all challenge Judge Cobb's rulings relating to Plaintiff's discovery requests concerning Jaeger's claim that he was the "shift supervisor" on the relevant date.[1] Ultimately, Judge Cobb ordered Defendant to clarify whether there are any administrative regulations or NDOC documents that authorize Jaeger as a segregation sergeant to act as the shift supervisor. (Dkt. no. 192 at 5.) Defendant conceded that no such document exists. (Dkt.

///

---

[1] Plaintiff also objects to Judge Cobb's ruling relating to Defendant's response to a request for training documents. (Dkt. no. 195.)

3

1  no. 197 at 1.) Based on that unequivocal response, Judge Cobb determined that any
2  additional discovery would neither be clarifying nor necessary. (Dkt. no. 199.) Judge
3  Cobb also denied Plaintiff's motions to serve a third set of discovery requests and
4  supplement.  Judge Cobb reasoned that the proposed requests as to who else was on
5  duty with authority to address Plaintiff's emergency grievance on the relevant date is of
6  no consequence since it is undisputed that Defendant responded to Plaintiff's grievance.
7  (Dkt. nos. 193, 201.) The Court finds that Judge Cobb's handling of the discovery
8  disputes relating to Jaeger's authority to address Plaintiff's grievance is neither clearly
9  erroneous nor contrary to law. The Court thus overrules Plaintiff's objections.

10  Plaintiff also objects to Judge Cobb's determination that Defendant has properly
11  supplemented his response to Plaintiff's request for production no. 4. (Dkt. no. 195 at 1-
12  3.) This request seeks documents that Defendant was "properly trained" in light of
13  Defendant's contention that he was authorized to address Plaintiff's emergency
14  grievance. (Dkt. no. 178-1 at 4.) Defendant's supplemental response states that "he
15  does not assert a qualified privilege for official information" and that the responsive
16  documents have been provided to the Warden's office for review. (*Id.*) The Magistrate
17  Judge found that because Defendant has made the responsive documents available,
18  Defendant has properly responded to request no. 4. (Dkt. no. 192 at 2-3.)

19  In his objection, Plaintiff argues that Defendant had previously conceded that the
20  training documents were not part of about 95 pages of documents that Defendant
21  previously produced relating to Defendant's employment records. (Dkt. no. 195 at 2.)
22  Plaintiff reiterates his argument that Defendant's "concession" is relevant and the
23  transcript of the May 22, 2015, hearing would support his claim. (*Id.* at 3.) In addressing
24  this argument, Judge Cobb clarified that he ordered Defendant to produce a privilege log
25  if Defendant persists in asserting that those documents are subject to a privilege
26  protection. (Dkt. no. 192 n. 2.) He further found that "no support for Plaintiff's
27  'concession' argument appears in the Minutes of the May 22, 2015 hearing." (*Id.* at 3.)
28  ///

1  The Court finds that Judge's Cobb's resolution of the dispute relating to Plaintiff's
2  request no. 4 and the training documents is not clearly erroneous or contrary to law.
3  Plaintiff contends Judge Cobb has allowed Defendant to be evasive and has
4  helped Defendant to conceal by refusing to produce a transcript of the May 22, 2015,
5  hearing. (Dkt. no. 195 at 10.) The records do not support Plaintiff's contention. To the
6  contrary, the Court finds that Judge Cobb has properly managed discovery.

**IV.   MOTION FOR RECONSIDERATION**

In Plaintiff's motion for reconsideration, he appears to argue that he is entitled to discovery given the Court's acknowledgment as to Plaintiff's concerns that Defendant is not being truthful. (Dkt. no. 217.) Plaintiff is presumably seeking reconsideration of the Court's denial of discovery relating to Jaeger's authority to address Plaintiff's grievance and whether Jaeger is being truthful in stating that he was a "shift supervisor" on the relevant date.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005). It is not an abuse of discretion to refuse to consider new arguments in a reconsideration motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

1  Plaintiff essentially reiterated his arguments to voice his disagreement.[2] He has
2  not satisfied the stringent standard for reconsideration. The Court therefore declines to
3  reconsider its earlier ruling.

## V. MOTION FOR PERMISSION TO FILE AN INTERLOCUTORY APPEAL

Plaintiff requests permission to file an interlocutory appeal of the Court's discovery ruling. (Dkt. no. 218.) Plaintiff does not identify the specific order about which he seeks to appeal. However, he identifies questions that all relate to discovery, primarily the Court's decision to deny additional discovery relating to whether Jaeger is being truthful in stating that he was a "shift supervisor" on the relevant date. (*Id.* at 2-3.)

The statute governing an appeal of a non-final order states, in pertinent part, that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b). Interlocutory appeal is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir.1982) (citing *U.S. Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir.1966) (per curiam)).

Plaintiff cannot demonstrate that the Court's discovery ruling meets § 1292(b)'s stringent standards. Plaintiff's motion for permission to file an interlocutory appeal is therefore denied.

///

///

---

[2]Plaintiff argues that without further discovery, he would not be able to impeach Defendant and to show that he was not being truthful about being a "shift supervisor" on September 30, 2011. (Dkt. no. 217 at 1.) Any additional discovery would not yield any more information. Defendant has admitted that there is no document which "specifically authorized Defendant Jaeger to respond to the emergency grievance" and that Defendant "maintains that he was the segregation sergeant and was thus a shift supervisor for purposes of AR 740." (Dkt. no. 197 at 1.)

6

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of this Order.

It is therefore ordered that Plaintiff's Objections or Motions for District Judge to Reconsider Order (dkt. nos. 195, 196, 204, 209, 219) are overruled and denied.

It is therefore ordered that Plaintiff's motion for reconsideration (dkt. no. 217) is denied.

It is therefore ordered that Plaintiff's motion for permission to file an interlocutory appeal (dkt. no. 218) is denied.

DATED THIS 2nd day of November 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE