# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | **Re: ECF No. 279** |
| RON JAEGER, et al., | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's Motion to Stay Ruling on Dispositive Pleadings/Reopen the Discovery. (ECF No. 279.)[1]

Plaintiff's rationale for the requested stay is his renewed request to reopen discovery. Plaintiff has previously filed multiple requests to reopen discovery (ECF Nos. 145, 183, 194, 200 and 266), which requests have been denied by this court (ECF Nos. 168, 193, 199, 201, 275). Plaintiff's objections to certain of those orders have been overruled by District Judge Miranda M. Du. (ECF Nos. 211, 255.)

In support of his yet another request to reopen discovery, Plaintiff states the relevant questions are whether the Defendant was the shift supervisor identified in AR 740.10(1), and whether he (the Defendant) had the authority to answer the emergency grievance. (*Id.* at 2.) However, these questions have been asked and answered in Defendant's Notice of Compliance with Court Order (ECF No. 197):

> After a careful review, no Nevada Department of Corrections administrative regulation or operational procedure could be located which specifically authorized Defendant Jaeger to respond to the emergency grievance. Defendant Jaeger maintains that he was the segregation sergeant and was thus a shift supervisor for purposes of AR 740. However, no document could be located which specifically details this designation.

---

[1] Refers to court's Electronic Case Filing number.

Most recently, Plaintiff requested clarification of the court's August 4, 2015 ruling denying any further discovery into this issue. In an attempt to resolve any issue as to Plaintiff's repeated requests for additional discovery on the shift supervisor issue, the court first summarized Defendant Jaeger's response with respect to NDOC or SDCC regulations which cloaked the Defendant with putative authority to process Plaintiff's emergency grievance:

> Defendant has admitted he processed Plaintiff's emergency grievance. Although still contending he had the requisite authority as "segregation sergeant and thus a shift supervisor for purposes of AR 740" (Doc. # 197 at 1), he admits there is no specific Nevada Department of Corrections administrative regulation or operating procedure which specifically authorized Defendant Jaeger to respond to the emergency grievance. (*Id*.) To the extent there is any relevance what Defendant Jaeger's grant of authority was from NDOC, that issue is resolved.

(ECF No. 201.)

The court again concluded that discovery had run more than its full course as to this issue stating that:

> Thus, in the court's mind, the issue about what authority Sgt. Jaeger had – or did not have – has been unequivocally identified. The court does not see how the additional discovery Plaintiff proposes will elucidate any additional information relevant to the only viable claims, which are "the claims under the First Amendment and Article 1, Section 9 of the Nevada Constitution against the defendants for alleged retaliation and/or interference with Plaintiff's ability to pursue a disciplinary appeal and grievance." (Doc. # 6 at 3.)

(*Id.*)

District Judge Du, on consideration of Plaintiff's objections to this court's multiple "shift supervisor discovery rulings," affirmed this court's analysis:

> Judge Cobb found that Plaintiff and Defendant were engaged in a dispute over semantics irrelevant to Plaintiff's claims. (*Id*.) That is, the question of whether Jaeger should more accurately describe himself as a supervisor of an "entire institution" or a "mere unit supervisor" is irrelevant because Jaeger's responses have already indicated that he was a shift supervisor on the relevant date and had the authority to respond or address Plaintiff's grievance, which is all that is relevant to Plaintiff's claim that Jaeger interfered with his grievance. (*Id*.) Judge Cobb also noted that Jaeger provided NDOC documents defining what a shift supervisor is and explaining his or her responsibilities. Judge Cobb further noted that Jaeger stated that he does not recall Plaintiff filing an emergency grievance on the relevant date. (*Id*.)
>
> Plaintiff's objection argues that Jaeger was not the shift supervisor and it was therefore not his obligation to answer Plaintiff's emergency grievance. (Dkt. no. 137.) The Court agrees with Judge Cobb that Plaintiff's request has been sufficiently addressed. It is clear that Plaintiff does not like the response provided by Jaeger but Plaintiff has failed to demonstrate that Judge Cobb committed clear error in determining that the response was sufficient.

(ECF No. 211 at 2-3.)

This court perceives no reason to alter the rationale previously expressed as to why no further discovery should be permitted. Additionally, and as a further basis for denial of Plaintiff's motion to re-open discovery, the recent amendments to the Federal Rules of Civil Procedure adopt factors of "proportionality" relating to the scope of discovery.[2] Specifically, Rule 26(b)(2)(c)(iii) requires the court to "limit the frequency or extent of discovery otherwise allowed by the Federal Rules." The Advisory Comments to the Amendments state this amendment was included to ensure discovery is proportional to the needs of the case. Committee Note ## 23, 24 (Standing Committee Report). In light of all the prior discovery, additional discovery on the shift supervisor issue would not be proportional to the needs of the case.

Plaintiff's only remaining claims are "the claims under the First Amendment and Article 1, Section 9 of the Nevada Constitution against the defendants for alleged retaliation and/or interference with Plaintiff's ability to pursue a disciplinary appeal and grievance." (Doc. # 6 at 3.) Discovery closed on May 15, 2015, and the dispositive motions filed by both parties (ECF Nos. 222, 231) have been fully briefed. The court sees no reason to allow additional discovery in this matter.

## CONCLUSION

Plaintiff's motion insofar as it seeks to reopen discovery is **DENIED**. Therefore, the component of Plaintiff's motion which seeks to stay any ruling on the dispositive pleadings pending further discovery is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

DATED: February 3, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[2] The amendments, effective December 1, 2015, govern all proceedings then pending in the United States Courts.