# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY CROSS, ) 3:13-cv-00433-MMD-WGC
 )
 Plaintiff, )
 ) **ORDER**
 vs. )
 )
RON JAEGER, )
 )
 Defendant. )
_____)

  The court has reviewed "Plaintiff's Objection to Magistrate Judge's Order re Doc. #290." (Electronic Case Filing (ECF) No. 292.) Plaintiff objects to the order (ECF No. 290) this court entered concluding Defendant's motion for extension of time (ECF No. 286) to respond to Plaintiff's motion for sanctions (ECF No. 284) and certain other filings was moot. The court reached the determination of mootness of Defendant's motion for the extension of time after concluding Defendant's response to Plaintiff's motion for sanctions (ECF No. 287) had been timely filed and therefore an extension was unnecessary.

  Upon further review, however, the court finds the Plaintiff is correct in his calculation of the date a response to his motion for sanctions should have been filed and therefore the motion for extension of time was not moot. When considering Defendant's motion for enlargement of time (ECF No. 286), the court relied on an erroneous response deadline (March 10, 2016) appearing in the Court's Electronic Case Management-Electronic Filing (CM-ECF) system with respect to Plaintiff's motion for sanctions. The undersigned has since learned this responsive deadline is automatically calculated by CM-ECF when a "hard copy" document (such as Plaintiff's motion for sanctions) is scanned into the docket after receipt

1  by the Clerk. The deadline should have been calculated based upon the service date contained in the
2  motion, not from the date the document was received and scanned into CM-ECF (but such is the nature
3  of CM-ECF, a function over which the District's Clerk has no control). The correct response deadline
4  was therefore, as Plaintiff contends, March 3, 2016, not March 10, 2016.

5  Thus, the court incorrectly found Defendant's motion (ECF No. 286) was moot. What the court
6  should have done upon receipt of Defendant's motion for extension is determine whether excusable
7  neglect was demonstrated in Defendant's motion to extend the deadline. Fed. R. Civ. P. 6(b)(1)(B) states
8  that when a motion for an extension of time is filed <u>after</u> the expiration of the attendant deadline, as was
9  Defendant's, the resolution of the requested extension is dependent on whether the movant has
10 demonstrated excusable neglect.

11 The Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507
12 U.S. 380, 390-95 (1993), adopted a "four-factor equitable test" in determining whether excusable neglect
13 exists. Those four factors are (1) "the danger of prejudice" to the opposing party; (2) "the length of the
14 delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether
15 it was the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer*,
16 507 U.S. at 395; see also *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010);
17 *Farris v. Ranade*, 584 Fed. Appx. 887, 891 (9th Cir. 2014). The court will now retroactively apply those
18 factors to the evaluation of Defendant's motion for extension of time to respond to Plaintiff's motion
19 for sanctions to ascertain whether Defendant's motion established excusable neglect.

20 First, with regard to prejudice to Plaintiff if the motion were granted, the court finds there is
21 none. The Plaintiff was able to submit a reply to Defendant's response (ECF No. 291). Plaintiff's reply
22 memorandum (ECF No. 291) does not suggest he was prejudiced by Defendant's tardy response. Also,
23 the substantive motion to which the requested extension applied,, i.e., Plaintiff's motion for sanctions
24 due to spoliation of evidence, ECF No. 284, had not been decided nor had the underlying dispositive
25 motions (ECF Nos. 222 and 231) – to which Plaintiff sought via his spoliation motion to have the court
26 apply an "adverse inference" (in favor of Plaintiff's motion and against Defendant's motion).

27 Second, with regard to the length of the delay, the time period between the date requested for the
28 extension (March 10, 2016) and the date the response was due (March 3, 2016) was only seven days. As

1  noted above, this extension had and has absolutely no impact on the judicial proceedings, including
2  Plaintiff's motion for sanctions and/or the dispositive motions.
3       Third, regarding the reason for the delay, i.e, that Defendant's counsel was out of the country
4  from February 22, 2016, through March 7, 2016 (returning to the office on March 8), the court finds the
5  explanation for not filing either the Defendant's response, or an earlier motion to extend time to respond,
6  to be excusable. This analysis of the third component also covers the fourth factor identified by *Pioneer*,
7  *Ahanchian* and *Farris*, i.e., whether the movant acted in good faith. The explanation found in
8  Defendant's motion (ECF No. 286) establishes the requisite good faith.
9       Therefore, the *Pioneer* factors have been satisfied. In retrospect, Defendant's motion presented
10  satisfactory grounds for an extension of the time to respond to Plaintiff's motion for entry of sanctions.
11  The determination of whether an act or omission constitutes excusable neglect "is at bottom an equitable
12  one, taking account of all relevant circumstances surrounding the party's omission." *Committee v. Cost*,
13  92 F.3d 814, 925 (9th Cir. 1996) (citing *Pioneer*, 507 U.S. 380). The decision is "entrusted to the
14  discretion of the district court because the district court is in a better position ... to evaluate factors such
15  as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty
16  mistakes, the qualify of representation of the lawyers ..., and the likelihood of injustice if the [filing]
17  were] not allowed." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).
18       Resolution of matters on the merits of the cases are preferred. *See e.g., In re*
19  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1222 (9th Cir. 2006). In this
20  respect, the court anticipates that Plaintiff's motion for entry of sanctions due to spoilation of evidence
21  (ECF No. 284) will be denied. The sanctions Plaintiff seeks to impose upon the Defendant arose because
22  the Nevada Department of Corrections (NDOC), which is not a defendant in this action, was unable to
23  produce an organizational chart Plaintiff had requested from NDOC. (ECF No. 284.) But as Plaintiff
24  himself recognizes, the Defendant was not personally involved in the disposition of this "evidence" (the
25  relevance of which is tenuous at best). Plaintiff's rationale that sanctions are justified because the
26  Defendant and the "Public Information Section" of NDOC are "both employed by the same state agency
27  (NDOC)" (ECF No. 291 at 2), does not provide a basis for sanctions for spoliation against Defendant
28  Jaeger. Therefore, because the merits of Plaintiff's motion are not well-founded, the court would not be

inclined to disallow the requested extension to instead address the resolution of Plaintiff's underlying motion for sanctions on its merits, as the court will do in the near future.

Therefore, although the court's order determining the Defendant's motion for extension of time as moot to have been erroneously entered, nevertheless, sufficient grounds exist to have previously granted Defendant's motion upon application of the factors pertaining to excusable neglect. Accordingly, the court **GRANTS** Defendant's motion to extend time (ECF No. 286) *nunc pro tunc*.[1]

**IT IS SO ORDERED.**

DATED: March 24, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] This Order should not be interpreted as a disposition of Plaintiff's Objection (ECF No. 292).