UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY CROSS, | Case No. 3:13-cv-00433-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 238 |
| RON JAEGER, et. al., | |
| Defendants. | |

Before the court are: (1) Plaintiff's Motion to Strike Documents in Support of Defendant's Motion for Opposition to Plaintiff's Motion for Summary Judgment (Electronic Case Filing (ECF) No. 237); and (2) Plaintiff's Motion to Strike Documents in Support of Defendant's Motion for Summary Judgment. (ECF No. 238.) Defendant Jaeger has opposed the motions. (ECF Nos. 246, 247.) Plaintiff filed a reply (ECF No. 257), as well as supplemental authorities in support of his motion to strike (ECF No. 280).

Plaintiff filed supplemental points and authorities in support of his motion to strike. (ECF No. 280.) The Local Rules contemplate the filing of a motion, response and reply brief. LR 7-2. Supplemental briefing is not permitted without leave of court. Plaintiff did not seek leave of court to file his supplemental briefing; therefore, the court will not consider it.

**I. STANDARD**

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This

1  includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*,
2  627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862
3  F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is
4  indispensable to the court's ability to enforce its orders, manage its docket, and regulate
5  insubordinate...conduct." *Id*. (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010
6  WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

**II. DISCUSSION**

**A. Exhibits G and K**

Plaintiff seeks to strike Exhibits G and K filed in support of Jaeger's response to Plaintiff's motion for summary judgment and Jaeger's motion for summary judgment. (ECF Nos. 237, 238.) Exhibit G is the declaration of SDCC Associate Warden Minor Adams, filed in support of Jaeger's own motion for summary judgment as well as his response to Plaintiff's motion for summary judgment. (ECF Nos. 231-7, 234-7). Exhibit K is the declaration of Ely State Prison Warden Harold M. Byrne filed in support of Jaeger's response to Plaintiff's motion for summary judgment. (ECF No. 234-11.)

Plaintiff seeks to strike them on the basis that they are purely conclusory as they fail to cite any facts to support their assertions. (ECF No. 237 at 2; ECF No. 238 at 2.) In particular, he contends that neither references NDOC, SDCC or ESP authorities demonstrating that an administrative segregation unit sergeant is the shift supervisor with authority to answer an emergency grievance. (*Id*.)

Jaeger argues that a disagreement with the statements made in the declarations of Mr. Adams and Mr. Byrne is not a basis to strike the documents. (ECF No. 246 at 2; ECF No. 247 at 2.)

The court agrees with Jaeger that Plaintiff's objection to these declarations is not a proper basis to strike the documents from the record. Instead, his arguments concerning the declarations are (and were in fact) appropriately asserted in response to Jaeger's motion for summary judgment, and in Plaintiff reply in support of his own motion. Therefore, to the extent he seeks to strike Exhibits G and K, these motions (ECF Nos. 237 and 238) are **DENIED**.

**B. Exhibit F**

Plaintiff also seeks to strike Exhibit F, filed in support of Jaeger's response to Plaintiff's motion for summary judgment and Jaeger's motion for summary judgment. (ECF Nos. 237, 238.) Exhibit F is Southern Desert Correctional Center (SDCC) Operational Procedure (OP) 740, effective October 1, 2011, which governs how emergency grievances are handled at SDCC. (ECF Nos. 231-6; 234-6.) Plaintiff seeks to strike Exhibit F on the basis that the events at issue in this case occurred on September 30, 2011, and an OP with an effective date after September 30, 2011 is immaterial to this action.

Jaeger acknowledges that counsel inadvertently filed the wrong version of Exhibit F in support of both Jaeger's motion for summary judgment and response to Plaintiff's motion (ECF No. 246 at 2; ECF No. 247 at 2); however, an errata was filed substituting the version of the OP that was in effect on September 30, 2011. (*See* ECF Nos. 248, 249.)

In Plaintiff's reply, he asserts that he noted his objection to SDCC OP #740 with the effective date of October 1, 2011, and asked Jaeger to provide him with a copy of the version in effect on September 30, 2011. (ECF No. 257 at 1.) He contends that Jaeger did not give him a copy, and the court advised Plaintiff discovery was completed (citing ECF No. 220); therefore, Plaintiff contends the late presentation of this version of OP 740 violates the court's order. (ECF No. 257 at 1-2.) Plaintiff also asserts that the document filed does not indicate it was effective September 30, 2011. (*Id*. at 2.)

Plaintiff's motions to strike Exhibit F (ECF Nos. 237, 238) are **<u>DENIED</u>**, as the court has already resolved Plaintiff's objection to the submission of the October 1, 2011 version of SDCC OP 740.

The court previously ordered Jaeger to file under seal the version of SDCC OP 740 that was in effect on September 30, 2011, and to make it available for Plaintiff to review. (ECF No. 253.) Jaeger did in fact file the document with the court, and mailed a copy to Plaintiff on October 28, 2015. (ECF Nos. 254, 254-1.) It was not deemed confidential; therefore, it was not filed under seal. (ECF No. 254 at 1.) This is the same document that was filed as the errata to

1  Exhibit F in connection with the pending dispositive motions. (*See* ECF Nos. 248-1, 249-1, 254-1.)

This topic was also raised in one of Plaintiff's motions to reopen discovery. (ECF No. 266.) In reviewing that motion, the court determined it needed additional information from Jaeger about SDCC OP 740 insofar as there appeared to be two different (albeit similar) versions of this OP, and the court sought to clarify when the relevant version of SDCC OP 740 was provided to Plaintiff. (*Id*. at 5.) The court sought additional briefing from Plaintiff on this subject as well, including a statement regarding whether there is any substantive distinction between the two versions of the OP, and a discussion outlining any discovery Plaintiff sought to take with respect to the OP. (*Id*. at 6.)

Jaeger clarified that the correct version of the OP was produced in the errata filed on October 23, 2015 (ECF No. 271.) Jaeger indicated he did not oppose giving Plaintiff additional time to supplement his opposition to Jaeger's motion for summary judgment or Plaintiff's reply in support of his own motion in light of the oversight (even though the documents were substantively the same). (ECF No. 271.) He maintained that additional discovery was not necessary. (*Id*.)

In his briefing, Plaintiff asserted, *inter alia*, that the document produced by Jaeger does not indicate it was in effect on September 30, 2011. (ECF No. 272 at 3.) Plaintiff acknowledged, however, that there is "no significant distinction" between the two versions of the OP. (*Id*.)

After reviewing the briefing, the court concluded there was no distinction between the differing versions of OP 740, and denied Plaintiff's request to reopen discovery. (ECF No. 274.)

Insofar as the present motion to strike is concerned, it is reiterated that the portion of SDCC OP 740 that governs emergency grievances is identical in both versions of Exhibit F, as well as the version subsequently filed by Jaeger. (*See* ECF Nos. 231-6 at 4; 234-6 at 4, 248-1 at 4; 249-1 at 4; 254-1 at 4.) Therefore, there is no prejudice to Plaintiff as a result of the production of this version of OP 740 at this juncture. As for Plaintiff's contention that there is no indication the subsequently produced version was in effect on September 30, 2011, the document states that it "supersedes: IP #7.40 May 1, 2003," and the court accepts defense counsel's

- 4 -

representation, as an officer of the court, that the errata is the version of OP 740 that was in effect on September 30, 2011.

In light of Jaeger's submission of the errata (ECF Nos. 248-1 and 249-1) as well as the additional production of SDCC OP 7.40 in effect on September 30, 2011 (ECF No. 254-1), Plaintiff's motions to strike Exhibit F are **DENIED**.

**IT IS SO ORDERED**.[1]

DATED: April 18, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

---

[1] The court had intended to enter this order contemporaneously with the entry of the Report and Recommendation (ECF No. 298), but inadvertently overlooked doing so. The filing of this order on this date does not affect the court's Report and Recommendation. However, the deadline to file any objection to this order commences fourteen (14) days after Plaintiff is served with a copy of this order. 28 U.S.C. § 636(b)(1).

5