UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY CROSS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RON JAEGER, et al.,<br><br>　　　　　　Defendants. | Case No. 3:13-cv-00433-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 298) ("R&R"), recommending that the Court deny Plaintiff's motion for summary judgment (ECF No. 222) and grant in part and deny in part Defendant's motion for summary judgment (ECF No. 231). Plaintiff filed an objection to which Defendant has responded. (ECF Nos. 301, 305.) For the reasons discussed below, the Court adopts the R&R in part. The Court denies Plaintiff's motion for leave to file a reply to Defendant's response to his objection. (ECF No. 308.)

The Court further overrules Plaintiff's objections to the Magistrate Judge's rulings relating to Plaintiff's motion for summary judgment. (ECF Nos. 306, 307.)

**II.　BACKGROUND**

Plaintiff Anthony Cross is an inmate in the custody of the Nevada Department of Corrections and was housed at Southern Desert Correctional Center ("SDCC") at the time of the incident. (ECF No. 7 at 1.) Plaintiff's claims are based on an incident that occurred on September 30, 2011, during a disciplinary hearing in which Defendant Sergeant Ron Jaeger and Plaintiff became involved in a heated discussion. (*Id* at 3, 4.)

At the conclusion of the hearing, Jaeger allegedly did not give Cross a copy of the Disciplinary Form III, which Plaintiff needed to submit with his disciplinary appeal. (*Id.*) Plaintiff alleges that he filed an emergency grievance about the incident that day, but Jaeger, who lacked the authority to address emergency grievances, intercepted and "maliciously" denied the grievance and refused to forward the necessary copy to the grievance coordinator for entry into NDOC's tracking system.  (*Id.* at 5, 14.)

Following screening, the Court permitted Plaintiff to proceed on Counts I, I-A, V and V-A in the Amended Complaint ("FAC") against Jaeger for allegedly violating the First Amendment and Article 1, Section 9 of the Nevada Constitution. The allegations relating to these claims are summarized in the Magistrate Judge's R&R (ECF No. 298 at 6-8, 17-18), which the Court adopts.

**III.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation

without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some

metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.   MOTIONS FOR SUMMARY JUDGMENT

The R&R recommends granting summary judgment in favor of Defendant on Plaintiff's First Amendment access to courts claims with respect to Jaeger's refusal to provide Plaintiff with the Disciplinary Form III and Jaeger's handling and denial of Plaintiff's emergency grievance ("Emergency Grievance"), and on Plaintiff's First Amendment retaliation claim with respect to Jaeger's handling and denial of Emergency Grievance. (ECF No 298.) The R&R recommends denying summary judgment on Plaintiff's First Amendment retaliation claim with respect to Jaeger's refusal to provide Plaintiff with Disciplinary Form III. Defendant does not object to this recommendation. However, Plaintiff has filed an objection. (ECF No. 301.) Having reviewed the R&R, the briefs relating to the parties' competing motions for summary judgment, Plaintiff's objection to the R&R and Defendant's response, the Court adopts the R&R's recommendations in part.[1] The Court finds that Defendant's response addressed Plaintiff's objection and the issues have been thoroughly briefed. Accordingly, the Court denies Plaintiff's motion for leave to file a reply to Defendant's response. (ECF No. 308.)

---

[1] The R&R recommends that to the extent Plaintiff requests that the Court defer consideration of Defendant's motion for summary judgment under Fed. R. Civ. P. 56(d) when he referenced his pending objections to discovery rulings, Plaintiff's request should be denied because he failed to attach a declaration to explain how he cannot present facts essential to oppose Defendant's motion. (ECF No. 298.) Plaintiff responds that he signed his motion under penalty of perjury. (ECF No. 301 at 2.) However, Rule 56(d) addresses the situation where a party who opposes summary judgment asks the Court to defer considering the motion until more discovery may be conducted.  In that situation, the party who seeks to defer a ruling must show by "affidavit or declaration that for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff has not submitted such a declaration here. Moreover, Plaintiff affirmatively moved for summary judgment before Defendant even filed his motion. (ECF Nos. 222, 231.) It would be unreasonable for Plaintiff to ask the Court to defer ruling on Defendant's motion when Plaintiff is simultaneously moving for summary judgment.

4

### A. Access to Courts Claims

The Magistrate Judge found Plaintiff cannot show that Jaeger's failure to give him the Disciplinary Form III interfered with Plaintiff's ability to access the courts. (ECF No. 298 at 9-10.) The Court agrees.

To show a violation of his constitutional right of access to the courts, Plaintiff must establish that he suffered an actual injury. *Lewis v. Casey,* 518 U.S. 343, 348 (1996). "Actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id.* (citation and internal quotation marks omitted). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354-55.

Plaintiff cannot show that that he suffered such "actual injury" in connection with Defendant's refusal to give him the Disciplinary Form III. While Plaintiff was unable to appeal his disciplinary conviction through NDOC's grievance process because he did not attach the Disciplinary Form IIII, his injury does not amount to "actual prejudice with respect to contemplated or existing litigation." *Id.*

Nor can Plaintiff show "actual injury" with respect to Defendant's handling of his Emergency Grievance. Even assuming that Jaeger did not have authority to address the Emergency Grievance, Jaeger's conduct affects no prejudice with respect to any litigation.[2] Plaintiff does not claim that he could not have utilized the available grievance procedure under AR 740, or that Jaeger took any subsequent action to interfere with him doing so. In fact, Plaintiff filed a grievance to challenge Jaeger's authority to address the Emergency Grievance (ECF No. 222 at 64-70) and is asserting claims in

---

[2] Jaeger directed Plaintiff to utilize the proper grievance procedures by responding: "[N]ot an emergency per AR 740; use proper grievance procedures." (ECF No. 222 at 62.) In his objection, Plaintiff challenges the R&R's finding that "Plaintiff does not dispute that his emergency grievance did not raise an emergency, which AR 740 references as presenting a risk of serious injury or breach of security." (ECF No. 298 at 20; ECF No. 301 at 16.) Yet, Plaintiff contends that whether it was an emergency has nothing to do with his claim which was why he did not dispute it. (ECF No. 301 at 16.) The Magistrate Judge thus correctly noted what Plaintiff did not dispute.

this case based on Jaeger's handling of the Emergency Grievance.

Plaintiff argues that he had a right to exhaust his administrative remedies and Defendant interfered with that right by intercepting the Emergency Grievance when he did not have authority to address it pursuant to AR 740. (ECF No. 301 at 4.) Assuming and accepting that Defendant addressed the Emergency Grievance when he did not have authority to do so and failed to forward the Emergency Grievance or destroyed it, Defendant's conduct may have violated NDOC's grievance procedures, but it is not enough to establish injury to support a First Amendment access to courts claim.[3] It is established law that an inmate does not have a constitutional right to have his grievances either decided or processed in a particular manner. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Moreover, Plaintiff is pursuing his claims against Jaeger, and Jaeger has not claimed failure to exhaust administrative remedies as an affirmative defense.[4]

**B.     Retaliation Claims**

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. Genuine issues of material fact exist to preclude summary judgment on Plaintiff's retaliation claims.

---

[3] Plaintiff's objection recites the Court's screening order, but the Court had viewed Plaintiff's claims under the more liberal standard under Rule 12(b)(6) and accepting Plaintiff's allegations as true.

[4] Had Jaeger asserted such a defense, Plaintiff would be correct to point out he was unable to properly exhaust his administrative remedies and should be excused from doing so because of Jaeger's interference. This is because proper exhaustion is not required under the Prison Litigation Reform Act if administrative remedies are "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).

### 1. Defendant's Refusal to Provide the Disciplinary Form III

The Magistrate Judge found genuine issues of material fact exist as to the first four factors, which precludes summary judgment for either party on Plaintiff's claim of retaliation based on Jaeger's failure to provide the Disciplinary Form III. (ECF No. 298 at 11-16.) The Court agrees with Judge Cobb's findings. Plaintiff does not challenge the Magistrate Judge's finding that a material issue of fact exists as to whether Jaeger's refusal to give Plaintiff the Disciplinary Form III had a chilling effect on Plaintiff's exercise of his First Amendment right. This finding alone is sufficient to deny summary judgment against both parties. Moreover, because the Court must view all facts and draw all inferences in the light most favorable to the nonmoving party, Jaeger, when considering Plaintiff's motion, the Court must deny Plaintiff's motion in light of the existence of genuine issues of material fact on four essential elements of Plaintiff's retaliation claim.[5] *See Kaiser Cement*, 793 F.2d 1100 at 1103.

### 2. Defendant's Handling of the Emergency Grievance

Plaintiff takes issue with the Magistrate Judge's finding with respect to Jaeger's handling of his emergency Grievance. The R&R summarizes Jaeger's discovery responses where he admitted in a supplemental response to a request for admission that he did not input the Emergency Grievance into NOTIS, but he stated that "a review of NOTIS reveals that the emergency grievance is documented in NDOC's system under grievance log number 20062931392."[6] (ECF No. 298 at 21.) In his objection, Plaintiff pointed out that grievance log number 20062931392 (Exhibit F to Plaintiff's motion (ECF No. 222 at 64)) is his informal grievance, not the Emergency Grievance, which is Exhibit E to Plaintiffs motion (ECF No. 222 at 62). (ECF No. 301 at 18-19.) Plaintiff is correct that the two documents are not the same. Exhibit F, Plaintiff's informal

---

[5] For this reason, Defendant's failure to address the fifth element (ECF No. 301 at 10) does not affect the Court's findings.

[6] In a supplemental response to interrogatory no. 19, Defendant also stated that "it appears this [emergency] grievance was documented in NOTIS under grievance log number 20062931433." (ECF No. 222 at 53.)

7

grievance, references his Emergency Grievance (Exhibit E), which is what the R&R pointed out to be Jaeger's contention in his discovery responses. (ECF No. 198 at 21.) To the extent the R&R determined that this evidence shows the Emergency Grievance was inputted into NOTIS, such finding is not clear from the records.[7]

Based on the records before the Court, it is undisputed that Defendant "cannot recall" if he forwarded the Emergency Grievance to the grievance coordinator for entry into NOTIS."[8] (ECF No. 222 at 50 (Defendant's supplemental response t request for admission no. 11).) While Defendant is correct that the Emergency Grievance "is documented in NOTIS," it was "documented" by Plaintiff in Plaintiff's informal grievance when he complained about Jaeger's authority to address the Emergency Grievance." (*Id.*; ECF No. 222 at 64.) Defendant has not offered any evidence to show that the Emergency Grievance was inputted into NOTIS for tracking.

The Magistrate Judge found that Plaintiff fails to establish the fourth factor of his retaliation claim—that Jaeger's act of denying the Emergency Grievance "chilled" Plaintiff's exercise of his First Amendment rights. (ECF No. 298 at 20.) The Magistrate Judge found that Jaeger's response to the grievance—"[n]ot an emergency per AR 740; use proper grievance procedures" (ECF No. 222 at 62)—would not chill a person of ordinary firmness from exercising his First Amendment rights. (ECF No. 198 at 20.) The Magistrate Judge also noted that when presented with such a response, a person of ordinary firmness would follow the non-emergency procedure to file a grievance. The Court would agree with this conclusion if the chilling inquiry is limited to Jaeger's response to the Emergency Grievance. However, the chilling inquiry is not so limited given Plaintiff's allegations when viewed in the light most favorable to Plaintiff as the

---

[7] The R&R states in pertinent part that "the evidence reflects that the emergency grievance was in fact inputted into NDOC's system." (ECF No. 298 at 21.)

[8] There appears to be some confusion even at the time Plaintiff filed his grievance to challenge Jaeger's authority to address the Emergency Grievance as to whether the Emergency Grievance was inputted into NDOC's system. (ECF No. 222 at 66 (written notation that "need copy of emergency grievance to research.")

8

non-moving party.

A court considers this element—the chilling inquiry--under an objective standard. *See Brodheim v. Cry,* 584 F.3d 1262, 1271 (9th Cir. 2009). "[A] plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill *or* silence a person of ordinary firmness from future First Amendment activities.'" *Id.* (quoting *Rhodes*, 408 F.3d at 568-69). "Speech can be chilled even when not completely silenced." *Rhodes,* 408 F.3d at 569.

Plaintiff alleges that he filed the Emergency Grievance to complain about Jaeger's refusal to give him the necessary disciplinary form, but Jaeger, who lacked the authority to address emergency grievances, intercepted and "maliciously" denied the grievance and refused to forward the necessary copy of the Emergency Grievance to the grievance coordinator for entry into NDOC's tracking system. (ECF No. 7 at 5, 14.) The evidence supports Plaintiff's claim that Jaeger addressed the Emergency Grievance, which complained about Jaeger's conduct, when he did not have authority to do so and then either destroyed or at a minimum failed to forward the Emergency Grievance for input into NDOC's tracking system in a purported attempt to prevent Plaintiff from exposing Jaeger's conduct. Had Jaeger simply responded to the Emergency Grievance and forwarded it to the grievance coordinator to input into NDOC's system, the Court would agree with the Magistrate Judge's finding. However, Jaeger purportedly did more—he either destroyed the Emergency Grievance or did not forward it to the grievance coordinator. Viewing Plaintiff's allegations in the light most favorable to Plaintiff as the non-moving party and drawing all inferences in his favor, Jaeger denied an emergency grievance that complained about his alleged conduct when he did not have authority to address it and then destroyed the emergency grievance so that it would not be on NDOC's tracking system. A reasonable jury could find that Jaeger's conduct would deter a person of ordinary firmness from exercising his First Amendment rights.

Defendant argues that there is no causal link between Jaeger allegedly acting

9

without authority and the alleged chilling of Plaintiff's speech. (ECF No. 231 at 11; ECF No. 251 at 6.) But the adverse action is the denial of the Emergency Grievance by the person who was the subject of the grievance, when he allegedly did not have authority to act, for the alleged purpose of interfering with Plaintiff's filing of his grievance, not just the purported improper exercise of that authority. In other words, the behavior at issue is Jaeger's alleged improper use of his position to attempt to interfere with Plaintiff's complaint against him. "Retaliation against prisoners for their exercise of this right [to file prison grievances] is itself a constitutional violation." *Brodheim,* 584 F.3d at 1269. Defendant contends that Plaintiff's FAC fails to allege that his speech was actually suppressed. (ECF No. 234 at 11.) This fact is immaterial to the chilling inquiry because "an objective standard governs" this inquiry. *Brodheim*, 584 F.3d at 1271 (citation omitted) (finding that the focus on whether the plaintiff in that case was "actually chilled was incorrect"). Defendant also argues that Jaeger took no further action other than to deny the Emergency Grievance as a non-emergency and to inform Plaintiff to "use proper grievance procedures" which is consistent with AR 740. (ECF No. 251 at 6.) However, as Plaintiff pointed out, Jaeger purportedly destroyed the "canary" copy of the Emergency Grievance because the Emergency Grievance exposed Jaeger's refusal to give him the Disciplinary Form III. (ECF No. 222 at 17.) Again, this evidence, along with Jaeger's alleged conduct in the handling of the Emergency Grievance, may have deterred a reasonable prisoner from exercising his First Amendment rights.

The Court finds that genuine issues of fact exist to prelude summary judgment on Plaintiff's retaliation claim with respect to Jaeger's handling of the Emergency Grievance. The Court has also considered Defendant's qualified immunity argument with respect to this claim even though the R&R did not explicitly consider it because of the recommendation to grant summary judgment in favor of Defendant. As with Plaintiff's other retaliation claim (ECF No. 298 at 17), the law was clearly established at the time of Jaeger's alleged conduct that a prison official cannot retaliate against an inmate for engaging in constitutionally protected activity. *See Pratt v. Rowland,* 65 F.3d

802, 806 & n. 4 (9th Cir.1995) ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes.") A genuine issue of fact exists to preclude a finding that Jaeger is entitled to qualified immunity as a matter of law.

## V.  PLAINTIFF'S OBJECTIONS RE ANCILLARY RULINGS

Plaintiff objects to the Magistrate Judge's rulings on the following motions: (1) denial of Plaintiff's motion to supplement his motion for summary judgment with another exhibit to support his theory that Defendant was not the shift supervisor and did not have authority to respond to the Emergency Grievance because whether Defendant had such authority to be immaterial (ECF No. 302)[9]; and (2) denial of Plaintiff's motions to strike two exhibits (Exhibits G and K) attached to Defendant's response to Plaintiff's motion for summary judgment because Plaintiff's challenge to the content of the exhibits is not a sufficient basis to strike them from the records (ECF No. 303). (ECF Nos. 306, 307.) The Court agrees with the Magistrate Judge's reasoning and overrules Plaintiff's objections.

## VI.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of this Order.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 298) is accepted and adopted in part. Plaintiff's motion for summary judgment (ECF No. 222) is denied. Defendant's motion for summary judgment (ECF No. 231) is granted on Plaintiff's claims, except for Plaintiff's retaliation claims based on Defendant's refusal to give

---

[9] For the purposes of deciding the parties' motions for summary judgment, the Court assumes that Jaeger did not have authority to address the Emergency Grievance. Plaintiff has offered sufficient evidence to create a genuine issue of material fact on this point. More evidence would be duplicative and unnecessary.

Plaintiff the Disciplinary Form III and Defendant's handling of the Emergency Grievance in violation of the First Amendment and Article 1, Section 9 of the Nevada Constitution.

It is further ordered that Plaintiff's objections (ECF No. 306, 307) are overruled.

It is further ordered that Plaintiff's motion for leave to file a reply (ECF No. 308) is denied.

DATED THIS 26th day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE