1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY CROSS, | Case No. 3:13-cv-00433-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| RON JAEGER, et al., | |
| Defendants. | |

13 **I.    SUMMARY**

14    Before the Court are Plaintiff's objections to various non-dispositive orders

15 entered by Magistrate Judge William G. Cobb.[1] For the reasons discussed below,

16 Plaintiff's objections are overruled and denied.

17 **II.   BACKGROUND**

18    The relevant background facts are recited in the Court's previous orders. The

19 claims remaining are Counts I, I-A, V and V-A in the Amended Complaint ("FAC")

20 against Defendant Sergeant Ron Jaeger for allegedly violating the First Amendment

21 and Article 1, Section 9 of the Nevada Constitution on September 30, 2011, when he

22 did not give Plaintiff the form required with a disciplinary appeal and thereafter

23 intercepted and denied his emergency grievance. (ECF No. 7.) Plaintiff was housed at

24 Southern Desert Correctional Center ("SDCC") at the time of the incident. (ECF No. 7 at

25 1.)

26 ───────────────

27    [1] The Court addresses in a separate Order Plaintiff's pending objections to the
Magistrate Judge's Report and Recommendation on the parties' motions for summary
28 judgment and related rulings (ECF No. 298).

### III.   LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.")

This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted). The reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

### IV.   PLAINTIFF'S OBJECTIONS

#### A.   ECF No. 256

Plaintiff objects to Judge Cobb's order directing the Clerk not to issue several subpoenas for document production that Plaintiff had requested the Clerk to issue. (ECF No. 256.) Judge Cobb found that Plaintiff was trying to circumvent the court's prior orders that discovery has been completed in this case. (ECF No. 220.) Plaintiff argues that Fed. R. Civ. R. 45 on its face does not limit subpoenas to be issued only during discovery. Rule 45 permits subpoenas to be issued to a third party for documents and is a tool for obtaining discovery. Because the discovery period has closed, the Magistrate Judge's decision to deny the request to issue subpoenas is not clearly erroneous or contrary to law.

#### B.   ECF No. 262

Judge Cobb granted Defendant's request to file his employment records under

seal, finding that compelling reasons exist to prevent public disclosure of confidential personnel records. (ECF No. 252.) Plaintiff objects and cites to previous rulings relating to confidential documents and privilege logs. (ECF No. 262.) However, the standard for designating documents as confidential and withholding them from production is not the same as the standard for filing documents with the court under sealed. In the former, the opposing party does not receive the documents while they do in the latter. In any event, the Magistrate Judge's finding that compelling reasons exist to seal Defendant's personnel records is not clearly erroneous or contrary to law.

### C.   ECF No. 263

Plaintiff objects to Judge Cobb's order granting his motion for reconsideration and directing Defendant to file under seal SDCC Operational Procedure ("OP") 740.03(7). (ECF No. 263.) Plaintiff argues that he had sought to compel Defendant to produce a copy of the Ely State Prison ("ESP") OP 403 as Plaintiff's Exhibit R in support of Plaintiff's motion for summary judgment, and does not want to and cannot be compelled to rely on SDCC OP 740.03(7). (*Id.*) In Plaintiff's motion for reconsideration, he argues that ESP OP 403 is relevant because he had been blocked from obtaining relevant document as to SDCC and is forced to prove his case by comparing "NDOC authority in administrative regulations, to the Ely State Prison (ESP), Operational Procedures (OP)." (ECF No. 250 at 2.) Judge Cobb found that because the procedures for resolving emergency grievances at SDCC as outlined in SDCC OP 740.03(7) are pertinent to the issues raised in this case, Plaintiff should receive a copy and directed Defendant to file a copy marked as an exhibit to Plaintiff's motion for summary judgment. (ECF No. 253.) Since Plaintiff has SDCC OP 740.03(7), there is no need for him to rely on ESP Operational Procedures to argue what procedures may or may not be available at SDCC. The Court finds that Judge Cobb's decision is not clearly erroneous or contrary to law.

### D.   ECF Nos. 273, 277, 283

As the Court previously noted, whether Jaeger had authority to address Plaintiff's

grievance on September 30, 2011, has been a contentious issue in discovery. (ECF No. 255 at 2.) The Court overruled Plaintiff's objections to Judge Cobb's decisions as to the discovery disputes relating to Jaeger's authority to address Plaintiff's grievance. (*Id.* at 4.) Plaintiff has continued to try to obtain discovery, including requesting to re-open discovery, on the issue of Jaeger's supervisory authority and objecting to Judge Cobb's decisions to deny his requests. (ECF Nos. 266, 269, 273, 275, 277, 279, 281, 283.) For the same reasons articulated in the Court's previous Order, Judge Cobb's rulings are not clearly erroneous or contrary to law. (ECF No. 255.)

Plaintiff also objects to Judge Cobb's order to deny his request to re-open discovery relating to SDCC Operating Procedure 740. (ECF No. 277.) In his Order, Judge Cobb observed that there is "little substantive difference between SDCC OP 740 in effect in September 2011 versus the version which followed." (ECF No. 269 at 5.) Judge Cobb nevertheless directed the parties to provide additional information relating to the version of SDCC OP 740 in effect in September 2011. (*Id.* at 5-6.) With respect to Plaintiff, Judge Cobb ordered that Plaintiff file a notice of relevance to provide the following information:

> a) when he received the September 2011 version of SDCC OP 740;
> b) what substantive distinction exists between the September 2011 and October 2011 versions of SDCC OP 740 and how those distinctions, if any, impact Plaintiff's case; and,
> c) what specific new discovery Plaintiff proposes should be undertaken with respect to SDCC OP 740.

(ECF No. 269 at 6.) In a subsequent Order, Judge Cobb denied Plaintiff's request to re-open discovery relating to SDC OP 740, noting that Plaintiff did not file a notice of relevance. (ECF No. 275.)

Plaintiff correctly pointed out that he did file a document entitled "Notice of Compliance with this Court's Order (Doc. # 269)" (ECF No. 272) ("Notice") on December 18, 2015. (ECF No. 277.) In his Notice, Plaintiff asserts that he "finds no significant distinction between the two (2) versions of the SDCC OP 740"—the September 2011 version that was filed with Defendant's errata in October 2015 and the

October 2011 version that was disclosed in March 2015. (ECF No. 272 at 3.) He challenges Defendant's contention that he could have used the October 2011 version because it was not in effect. (*Id.*) While this point is well taken, the fact that Defendant did not produce the version of SDCC OP 740 in effect until October 2015 does not serve as a valid basis to re-open discovery. The specific issues that Plaintiff identifies as additional discovery do not stem from information unique to the September 2011 version of SDCC OP 740. Thus, while Judge Cobb may have missed Plaintiff's Notice on the docket, his decision to deny Plaintiff's request to re-open discovery is not clearly erroneous or contrary to law.

### E.      ECF No. 285

Plaintiff objects to Judge Cobb's order to deny his motion for appointment of counsel by reasserting his contentions that Judge Cobb erred in his previous rulings, including his rulings denying Plaintiff's requests to re-open discovery, and that Judge Cobb exhibited bias in favor of Defendant and against Plaintiff. (ECF No. 285.) The Court disagrees that Judge Cobb erred or that he has favored Defendant over Plaintiff. Plaintiff argues that appointed counsel would help address the issues he faced with respect to discovery into Jaeger's authority. (ECF No. 278.) Plaintiff is essentially trying to re-open discovery. The Court previously overruled Plaintiff's objection to Judge Cobb's order denying his motion for appointment of counsel. (ECF No. 179 at 5.) Plaintiff offers no valid reason for the Court to reconsider its earlier ruling.

In addition, the facts of this case do not present "exceptional circumstances" to warrant the Court requesting counsel to represent Plaintiff, and Plaintiff has demonstrated that he is able to articulate his claims. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (the court may exercise its discretion to request counsel only under "exceptional circumstances" which "requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved."). Plaintiff's refusal to accept the Court's rulings, and his uncivil expressions of his disagreements, does not render his case

complex, or present exceptional circumstances.

**F.    ECF No. 296**

Plaintiff objects to the Magistrate Judge's denial of his motion to impose sanctions on Jaeger for spoliation of evidence. (ECF No. 296.) The Magistrate Judge found that Plaintiff failed to identify any document that Jaeger destroyed, the NDOC organization chart that Plaintiff seeks does not exit and if it did, it was not in Jaeger's possession. (ECF No. 295 at 9-10.) Moreover, Plaintiff was not prejudiced by the NDOC's failure to preserve the organization chart because the chart is not determinative of Plaintiff's claims. (*Id.* at 10-11.) The Court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law and overrules Plaintiff's objection.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of this Order.

It is therefore ordered that Plaintiff's Objections or Motions for District Judge to Reconsider Order (ECF Nos. 256, 262, 263, 273, 277, 283, 285, 296) are overruled and denied.

DATED THIS 26th day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE