UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY CROSS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>RON JAEGER, et al.,<br><br>　　　　　　　　　Defendant. | Case No. 3:13-cv-00433-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

Following summary judgment proceedings, the Court entered an Order referring this case to United States Magistrate Judge Valerie P. Cooke to conduct a settlement conference pursuant to LR 16-5 ("Referral Order"). (ECF No. 335.) Judge Cooke held a settlement conference on January 23, 2017. (ECF No. 382.) Judge Cooke found that Plaintiff's conduct during the settlement conference compelled her to certify to this Court a finding of civil contempt against Plaintiff pursuant to 28 U.S.C. § 636(e)(6). (*Id.*) Before Judge Cooke issued any certification, Plaintiff filed an objection to Judge Cooke's determination to certify. (ECF No. 384.) Judge Cooke subsequently deemed certification to be moot because of the impracticality of civil contempt (given Plaintiff's indigent status). (ECF No. 392.) As an alternative, Judge Cooke determined it would be proper to proceed pursuant to the Court's authority under Fed. R. Civ. P. 41(b) and Local Rule IA 11-8. (*Id.*) Judge Cooke thus issued an order to show cause and set a show cause hearing. (*Id.*; ECF No. 395.) Plaintiff filed an objection to the show cause order and hearing (ECF No. 400) and refused to appear for the show cause hearing. (ECF No. 401.)

This Order addresses Plaintiff's objections to Judge Cooke's decision to certify facts to the district court judge for an entry of civil contempt (ECF No. 384) and her decision to order Plaintiff to show cause (ECF No. 400).

1. **ECF No. 384**

As noted, Plaintiff filed an objection to Judge Cooke's determination to certify to this Court a finding of civil contempt against Plaintiff. (ECF No 384.) However, Judge Cooke did not proceed with certification and instead issued an order to show cause pursuant to the Court's authority under Fed. R. Civ. P. 41(b) and LR IA 11-8. (ECF No. 392.) Plaintiff thus prematurely objected to an anticipated certification order that was not issued. Because Judge Cooke ultimately decided against certification, Plaintiff's objection (ECF No 384) is overruled as moot. Plaintiff's motion to file a reply in support of his objection (ECF No. 389) is denied.[1] The Clerk is directed to strike Plaintiff's proposed reply brief (ECF No. 394-1).

2. **ECF No. 400**

In Plaintiff's objection to Judge Cooke's orders setting a show cause hearing, Plaintiff challenges both Judge Cooke's authority to order a hearing as well as her stated reason for setting the hearing. First, Plaintiff argues that Judge Cooke lacks authority to hold a hearing to address civil contempt. Plaintiff is correct that pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge must certify facts to the district court judge to hold a hearing to determine civil contempt. However, Judge Cooke has not issued any such certification to initiate section 636(e)'s civil contempt process. As Judge Cooke explained, she decided that civil contempt would be impractical here. (ECF No. 392.)

Second, Plaintiff contends that his objection to Judge Cooke's initial decision to recommend certification renders her order ineffective pending the Court's disposition of his objection. (ECF No. 400 at 2.) Plaintiff is wrong. An objection to a magistrate judge's

///

---

[1] LR IB 3-2(a) provides for a reply in support of an objection to the Magistrate Judge's order to be filed only with leave of the court. The Court finds that a reply is not necessary here even if Plaintiff's objection was not premature.

2

order does not stay the effect of the order; rather, a party would have to move to stay the order. Moreover, Judge Cooke indicated that she intended to certify facts to the district court judge pursuant to 28 U.S.C. § 636(e)(6)). Ultimately, however, Judge Cooke decided to hold a show cause hearing pursuant to this Court's authority under Fed. R. Civ. P. 41(b) and Local Rule IA 11-8. (ECF No. 392.) Plaintiff's premature objection to an anticipated certification order would not preclude Judge Cooke from proceeding with a show cause hearing.

Third, to the extent Plaintiff contends that he has a right to refuse to speak to Judge Cooke during the settlement conference under the First Amendment, Plaintiff is again wrong.[2] The First Amendment does not apply in this context. Because Plaintiff was ordered to participate in a settlement conference and to appear for a show cause hearing, his failure to participate is not protected by the First Amendment. *See In re Grand Jury Proceedings, 13 F.3d 1293*, 1295 (9th Cir. 1994) (finding that 28 U.S.C. § 1826 allows a court to hold a witness in civil contempt where he refuses without just cause to comply with an order of the court to testify). Moreover, this Court ordered Plaintiff to participate in settlement conference when it referred the case to Judge Cooke. While Plaintiff may agree not to settle, he still must exhibit respect for the proceedings and the authority of the magistrate judge. It is the magistrate judge who determines when a settlement conference "is over" and when to discharge the parties; Plaintiff does not have that authority.

Finally, to the extent that Plaintiff challenges Judge Cooke's authority to proceed with a show cause hearing, his objection is without merit. As the presiding judge, this Court has inherent authority under Fed. R. Civ. P. 41(b) and Local Rule IA 11-8 to impose dismissal as a sanction for violating the Court's order. The Court also has inherent authority to enforce its orders*. See U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) ("[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders") (internal quotation

---

[2]Plaintiff launches other personal attacks on Judge Cooke, as he did with Judge Cobb, which the Court will not dignify with a response.

3

marks and citation omitted). The Court's Referral Order extends this inherent authority to ensure that the parties meaningfully participate in the settlement conference. Thus, Judge Cooke acted within the scope of the authority conferred under the Referral Order to issue an order to show cause to Plaintiff for failing to participate in the settlement conference in good faith.

Plaintiff's objection to Judge Cooke's orders to show cause (ECF No. 400) is overruled.

### 3. Show Cause Order

Plaintiff failed to appear at the May 8, 2017, show cause hearing. (ECF No. 401.) Plaintiff is ordered to show cause as to why this Court should not impose sanctions, including and up to dismissal of this case under Fed. R. Civ. P. 41(b), for Plaintiff's violation of Judge Cooke's order to show cause. The Court will issue a separate order setting the show cause hearing. Plaintiff may respond to this order within twenty (20) days. Defendant has ten (10) days to respond. No reply will be permitted.

DATED THIS 22nd day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE