UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY CROSS,<br><br>                  Plaintiff,<br>    v.<br><br>RON JAEGER, et al.,<br><br>                Defendants. | Case No. 3:13-cv-00433-MMD-WGC<br><br>ORDER |

After summary judgment proceedings, Plaintiff's retaliation claims based on Defendant's refusal to give Plaintiff the Disciplinary Form III and Defendant's handling of the Emergency Grievance in violation of the First Amendment and Article 1, Section 9 of the Nevada Constitution remain to be tried. (ECF No. 313.) This Order addresses numerous motions pending before the Court.[1]

Plaintiff's motion to withdraw his first motion in limine (ECF No 317) for failure to comply with LR 16-3(a) is granted. (ECF No. 368.) Plaintiff's first motion in limine (ECF No. 317) is deemed withdrawn. Plaintiff's motion for leave to file a reply to his first motion in limine (ECF No. 349) is denied as moot.

The Court will address the remaining motions.

**I.    MOTION FOR RECONSIDERATION – ECF No. 316**

Plaintiff's motion for reconsideration asks the Court to reconsider its decision to grant summary judgment on Plaintiff's access to court claims (ECF No. 313).[2] (ECF No.

---

[1]The various motions relating to the Court's order for Plaintiff to participate in a settlement conference will be addressed separately.

[2]The motion was docketed as a motion for reconsideration relating to ECF No. 314, but the text of the motion addresses ECF No. 313.

316.) A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's motion shows that he disagrees with the Court's reasoning, but such disagreement alone is not enough to warrant reconsideration. Plaintiff's motion (ECF No. 316) is therefore denied.

**II.     ECF Nos. 321-326**

Plaintiff asks the Court to direct his presence and that of certain inmate witnesses to appear at trial. The Court will direct that Plaintiff be transported to court for trial once trial is set. The Court will set a pre-trial status conference to address the witness presentation, whether in person or by video conference, once trial is set. Accordingly, Plaintiff's petition for writ of habeas corpus testificandum with respect to Plaintiff (ECF No 322) is denied as moot. The remaining petitions (ECF Nos. 323-326) are denied without prejudice. Plaintiff's motion for witness testimonies (ECF No. 321) is also denied without prejudice.

**III.    ECF Nos. 327, 350 and 352**

Plaintiff contends that his pendant state law claim—retaliation based on Defendant's refusal to give Plaintiff the Disciplinary Form III and Defendant's handling of the Emergency Grievance in violation of Article 1, Section 9 of the Nevada Constitution—permits the Court to direct Defendant to provide certain information for use at trial. The Court disagrees. Plaintiff is entitled to conduct discovery pursuant to Fed. R. Civ. P. 26(b) during the time period permitted for discovery in this case. Whether information obtained in discovery is admissible at trial is an issue that the Court will resolve during the course of trial. Plaintiff is not entitled to have Defendant

provide information simply because his state law claim survived summary judgment. For example, the motion docketed as ECF No. 350 asks the Court to direct "Administrative Officials" to provide information relating to certain ESP Operating Procedures. (ECF No. 350.) The motion docketed as ECF No. 352 asks the Court to direct "Administrative Officials" to provide the grievance documents of inmate Anthony Mendel.[3] (ECF No. 352.) Thus, Plaintiff's two motions asking for "Administrative Officials" to provide certain information (ECF Nos. 350, 352) are denied.

In the motion docketed as ECF No. 327, Plaintiff asks the Court to direct "Administrative Officials" to respond to a grievance he initiated on July 2, 2015, requesting information regarding Southern Dessert Correction Center shift supervisor position on September 30, 2011.[4] (ECF No. 327.) The July 2, 2015, grievance is not the basis of the claims in this case. Plaintiff's motion to compel such a response (ECF No. 327) is denied.

## IV. ECF No. 346

Plaintiff filed another motion for appointment of counsel, arguing that counsel should be appointed because the case turns on the question of credibility. (ECF No. 318.) In appealing the Magistrate Judge's decision to deny his motion (ECF No. 337), Plaintiff argues that Judge Cobb's ruling is clearly erroneous because Judge Cobb relies on decisions that are more than fifteen years old without taking into consideration Plaintiff's unique position in this case. (ECF No. 346.) First and foremost, the cases that Judge Cobb relied upon explain the applicable standards governing appointment of counsel in § 1983 cases. (ECF No. 337 at 1-2.) As Judge Cobb correctly found in reliance upon *Palmer v Valdez,* 560 F.3d 965, 970 (9th Cir 2009) (cert. denied 559 U.S. 906 (2010), Plaintiff has failed to demonstrate exceptional circumstances exist here to

---

[3]Moreover, Plaintiff attempted through his request for production of document (request no. 1) to obtain Mendel's grievance documents. (ECF No. 82-1 at 3.) The Magistrate Judge sustained Defendant's objection to that request and this Court affirmed. (ECF No. 116 at 3; ECF No. 211 at 4-5.)

[4]The issue of whether Defendant was a shift supervisor when he addressed Plaintiff's emergency grievance has been repeatedly litigated in this case.

warrant appointment of counsel for the limited purposes of presenting Plaintiff's direct examination.[5] The claims remaining do not involve any complex issues and Plaintiff has been able to articulate and prosecute his claims. The fact that the jury will be presented with the issue of credibility does not make this case exceptional. Most, if not all, cases depend on the parties' credibility. Moreover, Plaintiff will be permitted to present his testimony through a narrative form if he chooses and as long as he complies with the evidentiary rules and the Court's rulings. The Court therefore overrules Plaintiff's appeal of the Magistrate Judge's order denying his motion for appointment of counsel (ECF No. 346).

## V. ECF No. 348

Plaintiff asks the Court to direct transcription of the recording of a disciplinary hearing or have the proper equipment to play the recording. (ECF No. 348.) To the extent Plaintiff requests that the Court direct Defendants to transcribe the recording or pay for the cost of such transcription, Plaintiff's request is denied. The Court agrees with Defendant that Plaintiff's *in forma pauperis* status does not entitle him to shift the expenses relating to trial exhibits to Defendant. Assuming the recording is admitted, Plaintiff will be permitted to play the recording to the jury. Should the jury wish to listen to the recording during their deliberation, they will be permitted to do so. Plaintiff's motion (ECF No. 348) is denied.

## VI. ECF No. 353

Plaintiff asks the Court to exclude information relating to the charge that led to the disciplinary hearing at issue in this case and is essentially a motion in limine. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009) *(A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area.).* However, Plaintiff fails to certify that the parties have met and conferred and have been

---

[5]Plaintiff relies on *Solis v. County of Los Angeles,* 514 F.3d 946 (9th Cir. 2008) to argue that a jury trial is different. (ECF No. 346 at 2.) However, in *Solis*, the Ninth Circuit reversed the district court's decision to deny counsel because the district court failed to explain its reasoning, not because the court found that the plaintiff would be proceeding to a jury trial. *Id.* at 958.

unable to resolve this issue as required under LR 16-2(a).[6] *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). The Court therefore denies Plaintiff's motion (ECF No. 353) without prejudice.

VII.    **ECF No. 376**

The Magistrate Judge denied Plaintiff's emergency motion directing NDOC to preserve Medel's grievance files because Defendant indicated in his opposition brief that a litigation hold has been requested. (ECF No. 364.) Plaintiff appeals the Magistrate Judge's ruling, arguing that Judge Cobb has abused his discretion and presenting numerous questions relating to Defendant's response. (ECF No. 376.)

The Magistrate Judge's ruling on Plaintiff's emergency motion relates to a pretrial matter that magistrate judges are authorized to resolve subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.")

Judge Cobb construed Defendant's opposition to Plaintiff's motion to preserve Medel's grievance files as a concession that the files would be preserved through a litigation hold.[7] Plaintiff has failed to demonstrate that Judge Cobb's ruling is clearly erroneous. The Court thus overrules Plaintiff's appeal of the Magistrate Judge's ruling (ECF No. 376).

///

---

[6]In a subsequent motion to withdraw his first motion in limine, Plaintiff asserts that the law librarian forwarded a dated copy of the Court's Local Rules and he was not aware of this certification requirement under the current Local Rules which were amended in May 2016. (ECF No. 368.)

[7]In response to Plaintiff's objection, counsel for Defendant again reiterated counsel's request to NDOC to place a litigation hold on Medel's grievance files, which remains in effect until the case is closed, including appeals. This litigation hold should suffice to preserve Medel's grievance files pending any appeals in light of the Court's decision to deny Plaintiff's motion to compel production of Medel's grievance documents for trial. In other words, Medel's grievance documents from September 2011 should be preserved until close of this case, including any appeals.

**VIII. ECF No. 378**

Plaintiff's motion in limine seeks to exclude what he characterizes as "perjured evidence," which includes Defendant's discovery responses relating to Defendant's shift supervisor position and whether Defendant was authorized to handle emergency grievances in September 2011. (ECF No. 378.) Defendant responds that Plaintiff is improperly trying to limit Defendant from responding to Plaintiff's allegation.[8] (ECF No. 381.)

A motion in limine involves a preliminary ruling that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). In addition, limine rulings are provisional and "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); accord *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

Plaintiff's motion asks the Court to resolve the questions of credibility and weight of the evidence in his favor, but these questions are reserved for the jury to decide. For example, Plaintiff points to the absence of any NDOC documents authorizing Defendant to act as the shift supervisor as support for his contention of "perjured evidence." (ECF No. 378 at 2.) However, whether Defendant had authority to act as the shift supervisor is an issue that will need to be decided by the jury. The lack of any documents to support Defendant's authority to act goes to the weight of Defendant's evidence. Plaintiff also cites to the Court's Order relating to the motions for summary judgment to support his claim of "perjured evidence." (*Id.* at 3-4.) The Court's Order merely pointed out Plaintiff's proffered evidence and found that a reasonable jury could find in Plaintiff's favor. The Order underscores the need for the disputed evidence—Defendant's

///

---

[8]Plaintiff filed a reply to Defendant's response. (ECF No. 385.) LR 16-3(a) provides that a reply will only be permitted with leave of court. Plaintiff failed to obtain leave of court to file his reply. The Court will strike Plaintiff's reply (ECF No. 385.)

authority to address Plaintiff's emergency grievance—to be considered and resolved by a jury. For these reasons, Plaintiff's motion in limine (ECF No. 378) is denied.

## IX. ECF Nos. 380 and 394

Plaintiff seeks leave to file a second amended complaint to add three additional defendants, including counsel for Defendant (Benjamin R. Johnson) for "aiding and abetting, conspiracy to commit and or suborn perjury and obstruction of justice." (ECF No. 380.) On March 27, 2017, Plaintiff filed a motion for leave to file a third amended complaint. (ECF No. 394.) The only difference between Plaintiff's two motions appear to be the additional statements about the discovery needed to support Plaintiff's new proposed claims. (ECF No. 394 at 6.) The claims are based on these individuals' participation in Defendant's responses in this case. (*Id.*)

Because Plaintiff seeks leave to amend his complaint after the deadline for amendment set forth in the Scheduling Order,[9] Plaintiff must demonstrate "good cause" as to why the Court should modify the scheduling order to grant him leave to amend his complaint after the deadline. *See* Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff has not and cannot demonstrate "good cause" to support his motions. Based on his own account, Plaintiff had knowledge of the purported conduct of the proposed named defendants in September 2015 at the latest (ECF No. 380 at 5-6). Yet, Plaintiff waited until January 2, 2017, over a year later and over four months after the Court ruled on the parties' motions for summary judgment, to request leave to amend. The Court agrees with Defendant that granting leave to amend at this time would be prejudicial to Defendant. Plaintiff's motions for leave to amend his complaint (ECF Nos. 380 and 394) are denied.[10]

---

[9]The Scheduling Order set November 28, 2014 as the deadline for amending the complaint. (ECF No. 27.)

[10]Because Plaintiff has not demonstrated good cause to support his motion, the Court need not address whether amendment would be futile.

7

## X. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the Court's rulings.

It is ordered that Plaintiff's motions with the following electronic case filing numbers (ECF Nos.) are denied: 316, 321, 322, 323, 324, 325, 326, 327, 348, 350, 352, 353, 378, 380, and 394.

It is further ordered that Plaintiff's motions for reconsideration of the Magistrate Judge's rulings (ECF No. 346, 376) are denied.

It is further ordered that Plaintiff's reply in support of his first motion in limine (ECF No. 385) be stricken.

It is further ordered that Plaintiff's motion to withdraw his first motion in limine (ECF No. 368) is granted. Plaintiff's first motion in limine (ECF No. 317) is deemed withdrawn. Plaintiff's motion for leave to file a reply to his first motion in limine (ECF No. 349) is denied as moot.

DATED THIS 22nd day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE