**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ANTHONY CROSS, | ) | 3:13-cv-00433-MMD-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | **Re: ECF No. 367** |
| RON JAEGER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before the court is Plaintiff's Motion of December 21, 2016, for "Entry of Sanctions Pursuant to FRCP 37 and or Compliance with FRCP 33(b)(5)." (ECF No. 367.) Plaintiff's motion pertains to Defendant's November 14, 2014, answers to interrogatories which Plaintiff contends were not verified in accordance with this court's order of March 10, 2015. *Id.* at 2.[1]

Defendant opposed Plaintiff's motion, stating that the Defendant provided Plaintiff supplemental discovery responses on April 9, 2015, and "[s]ince that time Plaintiff has not communicated with Defendant regarding missing verifications ... ." (ECF No. 374.) Defendant also noted that although Plaintiff never attempted to resolve the discovery dispute informally as required by Fed. R. Civ. P. 37(a)(1), "[t]he verifications will be sent to Plaintiff as soon as they are received." (*Id.* at 2.) Defendant also commented on the absence of any claim of prejudice by Plaintiff in not having received a verification of Defendant's answers and supplemental answers.

---

[1] Fed. R. Civ. P. 33(b)(5), upon which Plaintiff's motion is predicated in part, provides no process for securing sanctions against a party with respect to execution of discovery responses. The only avenue for possible imposition of sanctions would be under Fed. R. Civ. P. 37. In any event, Plaintiff does not seek sanctions under Rule 33(b)(5), only "compliance."

1   Plaintiff's reply memorandum argues he was not under a "meet and confer" obligation and states

2   there is "no statute that requires Plaintiff to complain in a specific amount of time when he chooses to

3   disobey a Court's order." (*Id.* at 2.)  Plaintiff did not identify any prejudice he incurred by not receiving

4   any verification.

5   On May 23, 2017, this court entered an order directing Defendant to file a notice with the court

6   advising whether Defendant has provided verifications to his answers to interrogatories which Defendant

7   represented would be sent to Plaintiff as soon as they are received.  (ECF No. 405.)  On June 2, 2017,

8   Defendant filed his notice of compliance reflecting verifications of his answers were executed on

9   January 4, 2017, and November 4, 2014.  (ECF No. 407; ECF No. 407-1 at 2-5.)

10                                              **DISCUSSION**

11  As  a starting point, this court did *not* require Defendant to provide Plaintiff "verified" answers

12  to Plaintiff's discovery.  Pursuant to the minutes of the March 10, 2015, hearing referred to by Plaintiff,

13  the court ordered Defendant Jaeger to supplement certain of his answers to Plaintiff's interrogatories and

14  allowed Plaintiff to serve certain additional interrogatories.  The court did not, however, specifically

15  order Defendant to provide Plaintiff "verified" answers.  (ECF No. 116.)

16  Fed. R. Civ. P. 33(b)(5) requires that the person answering the interrogatory "must sign them."

17  The rule does not specifically state the responding party must include a "verification," only that the

18  answers be signed.  Although a formal verification may not be required, Fed. R. Civ. P. 26(g) impresses

19  on discovery responses the understanding that the signature of a party implicitly represents the discovery

20  response "...to the best of the person's knowledge, information and belief formed after a reasonable

21  inquiry ... is complete and correct." Fed. R. Civ. P. 26(g)(1)(A).  But all that is required is a signature

22  by the party.

23  The court therefore concludes:

24  (1)     As there is no separate verification requirement, and as the court did not order Plaintiff's

25  answers to be verified, there is no basis for the court to order "compliance" with Fed. R. Civ. P. 33(b)(5)

26  or to impose sanctions against Defendant for not providing verifications.

27  (2)     Plaintiff has identified no prejudice with respect to the verification issue.

28  / / /

1      (3)    Last, despite Plaintiff's protestation he was "under no obligation to meet and confer about

2 anything" (ECF No. 377 at 1), Rule 37(a)(1) holds otherwise. Plaintiff's motion to compel under

3 Rule 37 "... must include a certification that the movant has in good faith conferred or attempted to

4 confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

5 court action." Plaintiff's failure to first meet and confer as required by Rule 37 (and by LR 26-7(c)) is

6 fatal to his motion.

7     Plaintiff's Motion for Entry of Sanctions (ECF No. 367) is **<u>DENIED</u>** for the procedural and

8 substantive reasons set forth herein.

9     **IT IS SO ORDERED.**

10     DATED: June 6, 2017.

                       _William G. Cobb_

11                        WILLIAM G. COBB
                       UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28