UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY CROSS,

                   Plaintiff,

   v.

RON JAEGER, et al.,

                   Defendant.

Case No. 3:13-cv-00433-MMD-WGC

ORDER

## I.    SUMMARY

Following summary judgment proceedings, the Court permitted Plaintiff to proceed to trial on counts I, I-A, V, V-A for First Amendment retaliation based on Defendant's refusal to provide the disciplinary form III and handling of an emergency. (ECF No. 313.) In an attempt to resolve routine issues before trial and to assist Plaintiff in light of his *pro se* status, the Court held a pretrial status conference on October 5, 2017. Since that hearing, the parties have filed numerous motions. This Order addresses some of the motions pending before the Court.

## II.    MOTION FOR RECUSAL (ECF No. 441)

Plaintiff asks for recusal based on how the Court has addressed his motions and the Court's rulings, including rulings on exhibits that Plaintiff contends contradicted with the Order Regarding Trial and witnesses identified for trial.

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d

934, 939 (9th Cir.1986) (quotation omitted). Normally, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Plaintiff's motion at best demonstrates disagreement with the Court's rulings. Plaintiff may appeal the Court's rulings, but his disagreement with the Court's rulings is not a basis to seek recusal. Accordingly, Plaintiff's motion requesting recusal (ECF No. 441) is denied.

## III. MOTION REQUESTING ISSUANCE OF SUBPOENAS AND SERVICE (ECF No. 444)

Plaintiff requests that a subpoena be issued for Defendant Ron Jaeger and Warden Brian Williams to testify at trial and for the same to be served. As a party, Ron Jaeger is required to attend trial which will permit Plaintiff to call him during Plaintiff's case-in-chief. As for Warden Williams, because of his position as Warden and because Defendant has represented that the Warden will be testifying at trial, the Court directs Defendant's counsel to make Warden Williams available to testify as part of Plaintiff's case-in-chief. Accordingly, it is unnecessary for these two witnesses to be subpoenaed to appear at trial. Plaintiff's motion requesting issuance of subpoenas (ECF No. 444) is denied as moot.

## IV. MOTION TO EXTEND COPY WORK ACCOUNT (ECF No. 447)

In light of the number of exhibits that Plaintiff has identified, Plaintiff will need to bring his own copy and an extra copy. However, as the Court noted at the October 5, 2017 status conference, the Courtroom Administrator will assist in making a copy if Plaintiff is unable to have an extra copy of his exhibits. Plaintiff's motion to extend copy work (ECF No. 447) is granted. Plaintiff's copy work limit will be increased to $71.00.

///

## V.  MOTION REQUESTING COURT DOCKET SHEET (ECF NO. 451)

The Court grants Plaintiff's request for a copy of the docket sheet (ECF No. 451). The Clerk is directed to send Plaintiff a copy of the docket sheet for this case.

DATED THIS 25th day of October 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE