UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY CROSS,<br><br>                  Plaintiff,<br><br>    v.<br><br>RON JAEGER,<br><br>                  Defendant. | Case No. 3:13-cv-00433-MMD-WGC<br><br>ORDER<br><br>(Pl.'s Motion in Limine – ECF No 426;<br>Def.'s Motions in Limine – ECF Nos. 438, 439) |

## I.    SUMMARY

Following summary judgment proceedings, the Court permitted Plaintiff to proceed to trial on counts I, I-A, V, and V-A for First Amendment retaliation based on Defendant's handling of an emergency and refusal to provide Plaintiff with a copy of Disciplinary Form III in September 2011 while Plaintiff was housed at the Southern Desert Correctional Center ("SDCC"). (ECF No. 313 at 11-12; ECF No. 5 at 2-6 & 14-15.) This Order addresses the parties' motions in limine (ECF Nos. 426, 438, 439).

LR 16-3(a) provides that replies to motions in limine "will be allowed only with leave of the court." Defendant did not obtain leave of court to file reply briefs in connection with his motions in limine. Accordingly, the Court strikes Defendant's reply briefs (ECF Nos. 455, 456,[1] 458).

---

[1] ECF Nos. 456 and 458 are identical. ECF No. 458 is Defendant's reply brief but was incorrectly filed as a motion.

## II. LEGAL STANDARD

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III. PLAINTIFF'S MOTION IN LIMINE (ECF No. 426)

Plaintiff seeks to exclude any evidence relating to the fact that he was charged with a major violation—"MJ2: Assault and MJ3: Battery"—and relating to any disciplinary actions taken while he has been in custody. (ECF No. 426 at 2-3.) Plaintiff argues that such evidence is irrelevant and prejudicial. (*Id.*) Defendant counters that evidence relating to the disciplinary hearing is relevant because Plaintiff claims that he would have successfully appealed the notice of charges if he had received a copy of Disciplinary Form III. (ECF No. 436 at 3.) The Court agrees that the charges could be relevant if Plaintiff asserts that argument at trial. However, the Court cannot assess whether to exclude the evidence until that issue is raised at trial. For this reason, the Court denies Plaintiff's motion without prejudice and reserves its ruling. Until this issue is resolved at trial, Defendant will not be permitted to reference the content of the notice of charges.

The Court grants Plaintiff's request to exclude evidence of other past disciplinary records because Defendant did not address this request in its response. (*See* ECF No. 436 at 2-3.)

## IV. DEFENDANT'S MOTION IN LIMINE NUMBERS 1-5 (ECF No. 438)

Defendant raises five motions in limine. (ECF No. 438 at 1-2.) Plaintiff disputes only motions no. 3 and 5. The Court therefore grants motions no. 1, 2, and 4.

///

### A. Motion in Limine No. 3

Defendant seeks to preclude Plaintiff from discussing the procedural history of this case or the claims that have been dismissed. (ECF No. 438 at 4-5.) The Court agrees that the Court's rulings and the claims that have been dismissed are not relevant and any probative value is substantially outweighed by the potential for unfair prejudice, confusion, and waste of time. In his response, Plaintiff seems to construe Defendant's motion as a request for the Court to prohibit Plaintiff from referencing Defendant's discovery responses and accordingly provides an example of how Defendant's discovery responses may be used for impeachment purposes. (ECF No. 448 at 2-4.) The Court does not construe Defendant's motion as a request for the Court to prohibit Plaintiff from referencing Defendant's discovery responses, but denies the motion to the extent it constitutes such a request. Accordingly, Plaintiff may refer to Defendant's discovery responses to support his claims regarding any inconsistent positions taken by Defendant in this case.

### B. Motion in Limine No. 5

Defendant argues that written statements of other inmates are inadmissible and should be excluded. (ECF No. 438 at 6-7.) The Court agrees. These statements are inadmissible under Fed. R. Evid. 801 and 802 because they constitute hearsay—they are out-of-court statements offered for their truth. Plaintiff contends that the statements will not be offered for their truth. (ECF No. 448 at 5.) But if the statements are not offered for their truth, then they are inadmissible on a different basis—lack of relevance. Motion no. 5 is granted.

## V. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY (ECF No. 439)

Defendant argues that four witnesses who are currently in NDOC custody—Vincent Pinder, Rickie Slaughter, Charles Stanton and Ronald Ducksworth—should not be permitted to testify because they were not present during Plaintiff's disciplinary hearing and lack personal knowledge of that hearing or of how Plaintiff's emergency grievance was processed. (ECF No. 439 at 2-4.) Defendant also seems to contend that these witnesses would be offering expert testimony. (*Id.* at 4 ("Plaintiff apparently wants these

3

inmates to testify regarding NDOC practices and procedure for processing emergency grievances. Yet none of these other inmates have expert knowledge in corrections and none of them were involved in the drafting of NDOC policies or regulations.").)

Plaintiff responds that "[s]everal of the witnesses" (presumably Pinder, Slaughter and Stanton) have experience with filing emergency grievances and therefore have personal knowledge about who has authority to process those types of grievances. (ECF No. 449 at 3.)

The Court disagrees with Defendant that these witnesses would be offering expert testimony. However, of the three witnesses identified, only Pinder and Stanton have experience with the emergency grievance process at SDCC where Plaintiff's claims arose. (ECF No. 439-1 at 2-3 (alleging that Pinder filed numerous emergency grievances while housed at SDCC); *id.* at 6-7 (alleging that Stanton filed at least two emergency grievances while housed at SDCC); *see id.* at 5-6 (only alleging that Slaughter filed emergency grievances at Ely State Prison).) Slaughter's testimony would not be relevant to the emergency grievance process at SDCC. Defendant's motion is denied with respect to Pinder and Stanton but is granted with respect to Slaughter.

As for Ducksworth, his anticipated testimony is that Plaintiff told him about the alleged argument Plaintiff had with the hearing officer. (ECF No. 439-1 at 9.) While Ducksworth lacks personal knowledge about what transpired at the hearing, his testimony is relevant to Plaintiff's state of mind and could corroborate Plaintiff's version of the facts. Ducksworth's testimony as to what Plaintiff relayed to him about the disciplinary hearing constitutes a statement of Plaintiff's then-existing mental state and thus falls within Fed. R. Evid. 803(3)'s exception to the hearsay rule. That Ducksworth was not present at the disciplinary hearing bears on the weight of his testimony, not relevancy. Defendant's motion to exclude Ducksworth's testimony is denied.

In sum, the Court denies Defendant's motion with respect to Pinder, Stanton, and Ducksworth, but grants the motion with respect to Slaughter. Defendant will be required
///

4

to make arrangements for these three individuals to testify by video conference assuming they are in NDOC's custody.

**VI.     CONCLUSION**

It is therefore ordered that Plaintiff's motion in limine (ECF No. 426) is granted in part and denied in part. It is granted with respect to evidence of Plaintiff's past disciplinary records. It is denied without prejudice with respect to the notice of charges.

It is further ordered that Defendant's motions in limine (ECF Nos. 438, 439) are granted in part and denied in part.

The Clerk is directed to strike Defendant's reply briefs (ECF Nos. 455, 456, 458.)

DATED THIS 3rd day of November 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE