UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTHONY CROSS,<br><br>Plaintiff,<br><br>v.<br><br>RON JAEGER,<br><br>Defendant. | Case No. 3:13-cv-00433-MMD-WGC<br><br>ORDER |

## I. SUMMARY

Following summary judgment proceedings, the Court permitted Plaintiff to proceed to trial on counts I, I-A, V, and V-A for First Amendment retaliation based on Defendant's handling of an emergency and refusal to provide Plaintiff with a copy of Disciplinary Form III in September 2011 while Plaintiff was housed at the Southern Desert Correctional Center ("SDCC"). (ECF No. 313 at 11-12; ECF No. 5 at 2-6 & 14-15.) Trial was scheduled for November 14, 2017, but has been continued to December 5, 2017, pursuant to the parties' stipulation. (ECF No. 474.) Motions in limine must be fully briefed and submitted for decision at least fifteen (15) days before trial or on November 20, 2017. (ECF No. 419 at 1.) This means that motions in limine must be filed by November 7, 2017, in light of the 14-day deadline to respond to motions established in LR 7-2(b). This deadline is set to allow the Court adequate time to consider motions that have been fully briefed before trial. However, Plaintiff has filed nine (9) motions after the deadline. Nevertheless, the Court

will address these motions except for motions filed on or after November 20, 2017. For those motions, the deadline to respond is the day before trial. Accordingly, all motions filed on or after November 20, 2017 (ECF Nos. 488, 489, 490, 492) are denied, except for Plaintiff's emergency motion requesting that the Court direct NDOC to allow Plaintiff to interview and prepare witnesses ("Motion to Interview") (ECF No. 487). The Court will address the Motion to Interview at calendar call set for November 27, 2017. Defendant may file a response to the Motion to Interview before then or address the issues raised in that motion during calendar call.

## II. DEFENDANT'S MOTIONS

### A. Motion for Plaintiff to Wear Restraints (ECF No. 464)

In *United States v. Sanchez-Gomez*, the Ninth Circuit Court of Appeals found that in all criminal proceedings, "[b]efore a presumptively innocent defendant may be shackled, the court must make an individualized decision that a compelling government purpose would be served and that shackles are the least restrictive means for maintaining security and order in the courtroom." *United States v. Sanchez-Gomez*, 859 F.3d 649, 651 (9th Cir. 2017). The court observed that in cases where it has approved shackling, "there has been evidence of disruptive *courtroom* behavior, attempts to escape from custody, assaults or attempted assaults while in custody, or a *pattern* of defiant behavior toward corrections officials and judicial authorities." *Id.* at 661 (citations and internal quotation marks omitted) (emphasis in original). "Although criminal case precedents do not necessarily apply in a civil proceeding, [the Ninth Circuit has applied them where the court] finds them persuasive." *See Tyars v Finner,* 709 F.2d 1274, 1285 (1983) (applying the standard for placing a criminal defendant in restraint to a state involuntary commitment hearing). The Court finds the *Sanchez-Gomez* standard should apply to civil cases such as this one where a prisoner asserts § 1983 claims. As the *Sanchez-Gomez* court explained, the right to be free from restraints is "not just about the defendant [;] [t]he right also maintains courtroom decorum and dignity." *Sanchez-Gomez,* 859 F.3d at 662.

///

Applying this standard here, the Court finds that Defendant has demonstrated that a compelling government purpose would be served and the proposed restraints are the least restrictive means for maintaining security and order in the courtroom. Defendant offers evidence of Plaintiff's criminal history—Plaintiff is serving sentences of life with the possibility of parole for first degree kidnapping with use of a deadly weapon, along with consecutive sentences for other violent offenses. (ECF No. 404 at 2.) Defendant offers evidence of Plaintiff's history of violence towards other inmates, his confrontations with NDOC staff, and his disciplinary history while in custody. (*Id.*) Defendant also points out that Plaintiff exhibited aggressive behavior towards counsel and the Court. (*Id.*) Plaintiff responded that where he disagreed with Court personnel, he has sought to "remove" himself from the situation. (ECF No. 486 at 3.) However, Plaintiff neglects to point out that those situations involved video or telephone hearings where he was set up to be in an isolated conference room. In fact, in such hearings before this Court, Plaintiff exhibited defiant behavior where he disagrees with the Court's rulings.

For these reasons, Defendant's motion for Plaintiff to be placed in restraints (ECF No. 464) is granted. Plaintiff will be placed in leg shackles and will be required to wear an electronic stun belt (to be provided by NDOC). The Court will take other measures to ensure that Plaintiff's leg restraints are not visible to jurors during the trial. These measures include placement of Plaintiff at a different table during jury selection and placement of panels to cover the openings of counsel table during the trial.

**B.     Motion to Seal (ECF No. 466)**

Defendant has offered compelling reasons to support its motion to seal. Defendant's motion to seal (ECF No. 466) is granted.

**III.    PLAINTIFF'S MOTIONS**

**A.     Motion Requesting Additional Exhibits (ECF No. 445)**

Plaintiff asks to include a copy of two cases as additional exhibits. (ECF No. 445 at 2.) These cases are not evidence in this case and will not be admitted as exhibits. Plaintiff's motion (ECF No. 445) is denied.

### B. Motion to Take Judicial Notice (ECF No. 446)

Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (quoting Fed. R. Evid. 201). The court may take judicial notice of undisputed matters of public record, including documents on file in federal courts. *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir.2001).

Plaintiff asks the Court to take judicial notice of three lawsuits filed in this district where Defendant was sued for allegedly committing certain acts. (ECF No. 446 at 1-3.) While the Court may take judicial notice of complaints filed in these cases, the Court agrees with Defendant that evidence relating to these lawsuits are not admissible under Fed. R. Evid. 401, 402 and 403. That Defendant has been sued in other cases is not relevant, and any probative value is far outweighed by the potential for unfair prejudice to Defendant, confusion to the jury and a waste of time. If the Court were to admit evidence as to these three lawsuits, this trial would involve mini-trials as to the merits of these other cases, which would confuse the jury and result in a waste of time. The requested evidence also falls within Fed. R. Evid. 404(b)'s inadmissible propensity evidence.

Plaintiff also asks the Court to take judicial notice that inmate Anthony Medel "was Plaintiff's alleged cohort in the incident which lead to the disciplinary charges and hearing for both Medel" and Plaintiff, but Medel's sanctions were reversed in part because of Defendant's failure to provide certain information. The Court cannot take judicial notice of this claimed that cannot be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Plaintiff's motion to take judicial notice (ECF No. 446) is denied.

### C. Motion for Clarification (ECF No. 469)

It is not unusual for additional counsel to appear to represent a party during trial. Moreover, Defendant's response addresses Plaintiff's concern as to whether Mr. Johnson

4

would be testifying. (ECF No. 485.) Accordingly, Plaintiff's motion for clarification (ECF No. 469) is denied.

### D. Motions Requesting the Addition of Proposed Exhibits (ECF Nos. 476, 480, 482, 483)

Plaintiff seeks to add additional exhibits not identified in the Joint Pretrial Order mainly due to the anticipated testimony of Warden Brian Williams. Plaintiff contends some exhibits are added in anticipation that Warden Williams may be instructed "to lie or be evasive" (ECF No. 476 at 2), and Plaintiff did not want to take the risk of calling Warden Williams without knowing his "exact testimony" (*id.*; ECF No. 480 at 1-2.) First and foremost, Plaintiff's outrageous claim that counsel will direct a witness to lie epitomizes his lack of respect for counsel, the Court and these proceedings. Plaintiff offers no legitimate foundation to support his claim and the claim does not even dignify a ruling by the Court. Moreover, both parties identified Warden Williams as a witness in the proposed Joint Pretrial Order. (ECF No. 416 at 13, 14.) Thus, Plaintiff should have identified all documents needed for Warden Williams' examination in the proposed Joint Pretrial Order. Accordingly, Plaintiff's motions requesting the addition of proposed exhibits (ECF Nos. 476, 480, 482, 483) are denied.

### E. Motion for Reconsideration (ECF No. 477) and Motion Directing Witness to Bring Documents (ECF No. 484)

Plaintiff asks the Court to reconsider its order denying Plaintiff's request for issuance of subpoenas. He argues that he was seeking a subpoena duces tecum to Warden Williams, who Plaintiff claims "should be in possession of crucial information and or evidence that the Defendant and his counsel has refused to surrender to Plaintiff" in this case. (ECF No. 477 at 2.) He also separately moved for the Court to direct Warden Williams to bring his response to Plaintiff's property grievance filed between December 2011 and May 2012. (ECF No. 484.) First and foremost, the Court has addressed any discovery disputes and Plaintiff cannot seek to circumvent the Court's rulings by compelling Warden Williams to produce documents that he would not possess in his

personal capacity. As for documents in NDOC's possession, the Court already addressed any disputes relating to those documents. Plaintiff reiterates his unsupported, outrageous claim that Warden Williams will be instructed to commit perjury. Plaintiff claims the documents relating to his property grievance and how Williams addressed that grievance demonstrate that Williams acted with bias towards inmates on behalf of his colleagues. (ECF No. 484 at 2.) However, the fact that Williams will be testifying at trial has been known since the parties prepared the proposed Joint Pretrial Order. *See* discussion *supra* at Section III (C). Moreover, whether Williams was correct in denying that grievance would necessarily require another mini-trial into the circumstances relating to that grievance. Thus, evidence relating to a separate grievance is inadmissible under Fed. R. Civ. P. 403.

Plaintiff's motion for reconsideration (ECF No. 477) and motion directing witness to bring documents (ECF No. 484) are denied.

**IV. CONCLUSION**

It is therefore ordered that except for Plaintiff's emergency motion (ECF No 487), all motions filed on or after November 20, 2017 (ECF Nos. 488, 489, 490, 492) are denied.

It is further ordered that Defendant's motion for Plaintiff to be placed in restraint (ECF No. 464) and motion to seal (ECF No. 466) are granted.

It is further ordered that Plaintiff's remaining motions (ECF Nos. 445, 446, 469, 476, 477, 480, 482, 483, 484) are denied.

DATED THIS 22nd day of November 2017.

	MIRANDA M. DU
	UNITED STATES DISTRICT JUDGE