# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY CROSS, ) 3:13-cv-00433-MMD-WGC
       Plaintiff, ) 
) **ORDER**
  vs. )
)
RON JAEGER, )
)
       Defendant. )
_____)

      Before the undersigned are the Minutes of Proceedings, Day 3 of the (second) Jury Trial of this matter. (ECF No. 553, p. 2.) District Judge Miranda Du has referred the issue of whether the Nevada Department of Corrections (NDOC) put a "litigation hold" on certain disciplinary documents pertaining to former NDOC inmate Anthony Medel and whether the Medel documents were in fact provided the Attorney General's Office as represented to the court. (ECF No. 363 at 2; ECF No. 364.)

      By way of background, this issue initially came to the undersigned's attention when Plaintiff filed an emergency motion on December 5, 2016, seeking a court order to preserve inmate Medel's file which was possibly due for routine destruction on December 31, 2016, by NDOC in accordance with NDOC protocols (per its Administrative Regulations). (ECF No. 356.) Plaintiff's argument in his motion for a "litigation hold" was that Medel was provided a copy of Disc Form III and that he (Medel) was successful on his appeal of the discipline initially handed out to him. Plaintiff - on the other hand - argues that because Plaintiff was allegedly not given a copy of the form, Plaintiff was *not* allowed to appeal and his NDOC conviction was left intact. Plaintiff wanted the Medel documents preserved. (ECF No. 356 at 3.)

/ / /

The next day after Plaintiff's motion was filed, the court set a hearing date on Plaintiff's motion for December 21, 2016. (ECF No. 357.)

Defendant's counsel filed an "opposition" to Plaintiff's motion. (ECF No. 363.) Counsel argued the Medel documents were "not relevant to Plaintiff's case" because Medel was "charged for different reasons." While both inmates were charged with MJ Assault and MJ3 Battery, Medel was supposedly the "lookout" while Cross perpetrated the alleged assault.

Regardless of whether the Medel documents were germane to Cross' claims, the Deputy Attorney General represented in its filing (ECF No. 363) that the Deputy Attorney General had contacted the NDOC and requested a "litigation hold" be placed on Medel's filed (Medel had then been released from NDOC custody). The Deputy Attorney General further represented that "in addition to requesting that a litigation hold be placed on the file, the Attorney General's Office has requested the specific disciplinary hearing documents and grievance be retrieved from storage and sent to counsel." (ECF No. 363 at 2.)

Based on the Deputy Attorney General's representations, the court entered a minute order determining Plaintiff's motion to be moot and also vacated the December 21, 2016, hearing. (ECF No. 364.) The court also instructed the Attorney General's Office to notify the ESP of this ruling.

The undersigned did not find the Medel file to be irrelevant or inadmissible; instead, the court stated specifically that the relevancy or admissibility of the documents "reserved for District Judge Miranda Du with respect to the trial of this matter." (ECF No. 364.)

From the Minutes of the Proceedings, Jury Trial Day 2 (ECF No. 550), it appears that Defendant's counsel offered certain documents pertaining to inmate Medel's disciplinary record (NDOC disciplinary forms 2 and 3). In response to Defendant's offer, Mr. Cross asked that "additional documents relating to Anthony Medel's disciplinary records and the appeal be admitted into the record." Deputy Attorney General Johnson responded but the minutes do not reflect the substance of that response. The two documents were nevertheless admitted into evidence. (ECF No. 550 at 2.)

/ / /

/ / /

/ / /

After the jury reached its verdict, the following day, District Judge Du discussed with Deputy Attorney Johnson the preservation order entered by the undersigned:

> Mr. Johnson responds to the Court's inquires as to whether the State obtained Anthony Medel's records as ordered by Magistrate Judge Cobb (ECF No. 364.) The Court will refer the issue to Magistrate Judge Cobb to determine whether he wants to make inquiry on this issue. Mr. Johnson advises that Defendant's exhibit 511 is the electronic record on Anthony Medel and that his office did not receive the paper records. The Court will defer to Magistrate Judge Cobb to see if he would want to address this issue.

(ECF No. 553 at 2.)

The undersigned now seeks clarification of the representations made by counsel that a litigation hold had been requested by the Attorney General's Office, whether Medel's NDOC disciplinary records were in fact the subject of a "litigation hold" and whether the NDOC had provided the Medel disciplinary records as the Attorney General's Office had requested. (ECF No. 363 at 2.)

**IT IS HEREBY ORDERED** that within **fourteen (14) days** of the date of this order Defendant's counsel shall submit a memorandum of points and authorities/declaration of counsel clarifying to what extent the Attorney General's representations were fulfilled. Plaintiff may file a response within **ten (10) days** thereafter.

DATED: February 5, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE